[No. 951.]

THE STATE OF NEVADA, RESPONDENT, *v.* THE NORTHERN BELLE MILL AND MINING COMPANY, APPELLANT.

APPEAL FROM JUDGMENT—SUFFICIENCY OF EVIDENCE NOT CONSIDERED.— Where the appeal is from the judgment alone, the question of the sufficiency of the evidence to sustain the findings will not be considered.

SUFFICIENCY OF COMPLAINT—GENERAL DEMURRER.—Where the only fault in the complaint is an ambiguity in stating the amount of tax at a less sum than the assessed value of the property: *Held*, that a general demurrer was properly overruled.

EXISTENCE OF A DELINQUENT LIST NOT ESSENTIAL TO THE RIGHT OF ACTION FOR TAXES.—The court refused to permit the defendant to introduce evidence tending to show that the tax sued for had not been entered on the delinquent list before the action was commenced: *Held*, that the

evidence offered was immaterial, and that the court did not err in excluding it.

SECOND ASSESSMENT VALID.—The assessor first made an irregular and insufficient assessment, and afterwards made one in conformity to law: *Held*, that the second assessment was valid.

ASSESSMENT ROLL—TIME FOR COMPLETING IT DIRECTORY—DEFENSE WHEN TAXPAYER HAS BEEN INJURED.—The provision of the statute as to the time for completing the assessment roll is merely directory, and any irregularity in that respect is a defense in an action for the taxes, only to the extent that the taxpayer has been injured thereby.

TAX ON PROCEEDS OF MINES—DEDUCTION OF FIFTEEN DOLLARS PER TON ON FREIBERG PROCESS NOT ALLOWED IN ADDITION TO ACTUAL COST.—A mining company working ores under the Freiberg process is not entitled to an exemption of fifteen dollars per ton in addition to the actual cost of working the ore. (*State* v. *Eureka Con. M. Co.*, 8 Nev. 15, and *State* v. *Northern Belle M. & M. Co.*, 13 Nev. 250, affirmed.)

APPEAL from the District Court of the Eighth Judicial District, Esmeralda County.

The facts appear in the opinion.

*Garber & Thornton*, for Appellant.

*M. A. Murphy*, Attorney-General, for Respondent.

By the Court, BEATTY, C. J.:

This is a suit for delinquent taxes; plaintiff had judgment; defendant appeals. There was a motion for a new trial in the district court, but the appeal being from the judgment alone, we can not consider any of the questions argued by counsel touching the sufficiency of the evidence to sustain the findings. Aside from these questions there are but two assignments of error to be noticed.

1. It was not error to overrule the demurrer to the complaint. The demurrer was general—that the complaint did not state facts sufficient to constitute a cause of action—but the only fault pointed out in the complaint is an ambiguity. The amount of tax alleged to have been levied and to have become delinquent was only a little over three thousand dollars, when, according to the assessed value of the property, it should have been upwards of five thousand dollars. This may have been ground for special demurrer,

but there can be no doubt that the complaint stated a good cause of action for the amount demanded and recovered, and the general demurrer was properly overruled.

2. The court refused to permit the defendant to introduce evidence tending to show that the tax sued for had not been entered on the delinquent list before the action was commenced.

The delinquent list offered in evidence was in due form, and purported to have been made at the proper time, which was long before the commencement of this suit. Such being the case, it is very doubtful whether parol evidence, tending to falsify the officer's return, would have been admissible, even if it had been material under the pleadings. (Cooley on Taxation, 195, 196.) But aside from this question, it is clear that in this case the evidence offered was immaterial. It is settled, in this state, that the existence of a delinquent list is not essential to the right of action for taxes that ought to have been returned delinquent. (4 Nev. 338, 10 Id. 78.) It may affect the right of the district attorney to prosecute the suit, but if so, his want of authority is the ground of a preliminary motion to dismiss the action—not of defense to the merits. (10 Nev. 78.)

The testimony, then, which was excluded by the court, if offered for the purpose of securing a dismissal of the action, on the ground that it was commenced without authority, came too late when the case was on trial, and if offered to sustain any issue made by the pleadings, it was immaterial.

There was no issue of fact as to the regularity of the assessment, or the non-payment of the tax sued for. The answer did, it is true, deny, on information and belief, that there was any assessment; but its positive averments in regard to the matters relied on as a defense to the action, were wholly inconsistent with this qualified denial. What clearly appears from the allegations of the answer is, that the assessor, having first made an irregular and insufficient assessment, afterwards made one in conformity to law, and the question presented is, whether such second assessment was valid. If it was, and if the action of the board of equalization, in attempting to reduce it, was void, as the

court found it was, then there was no question as to the right of the state to recover.

We think the second assessment was valid on the facts stated in the answer.

The first assessment failed to show the cost of extracting, transporting, and reducing the ore, and afforded no means of ascertaining the net proceeds. The second assessment was according to the form prescribed by the statute. (Comp. L. 3246.)

It stated the whole number of tons, the gross yield, the actual cost of extraction, transportation, and reduction, and the resulting net yield or taxable value. This exceeded the first valuation by a sum equal to fifteen dollars per ton on the whole amount of ore reduced, thus proving by the facts which the assessor is required to ascertain and set down on the assessment roll, that his former valuation was the result of an erroneous construction of the provision relating to ores worked by the Freiberg process. (Comp. L. 3245.)

We see no reason why the second and regular assessment should be deemed invalid on account of the first and irregular assessment for the same quarter. They were not at all inconsistent as to the facts which an assessment should show. Taking them both together, the true assessable value of the ores was plainly evident, and the only discrepancy they exhibited was fully explained. We think the assessor not only had the power, but it was his imperative duty to make an assessment, showing the facts which the law requires him to set down, notwithstanding a previous irregular assessment which failed to exhibit the facts. If it be claimed that the answer showed the second assessment to have been made after the time prescribed by the statute, this objection is fairly met in the opinion of the district judge. The provision as to the time for completing the assessment roll is merely directory, and any irregularity in that respect is a defense in an action for the taxes only to the extent that the taxpayer has been injured thereby. (*Hart* v. *Plum*, 14 Cal. 155; 4 Nev. 338.) In this case it is clear that there was no injury. The second assessment was

correct, and the defendant had an opportunity, of which it availed itself, to appeal to the board of equalization. That body attempted to reduce the assessment back to its original amount by again deducting fifteen dollars per ton from the ascertained net value. The district court finds that this attempt by the board was wholly void, and we would be bound to presume that the finding was sustained by the evidence, even if the allegations of the answer, with the annexed exhibits, did not show of themselves that what the board of equalization undertook to do was, not to correct valuations, but to exempt from taxation property which, under the law and the constitution, could not be exempted. (8 Nev. 22, 24; 13 Id. 250.)

Our conclusion is that, under the pleadings, the delinquent list was immaterial, and evidence to impeach it equally so. The district court, therefore, did not err in excluding such evidence, and its judgment is affirmed.