BAXTER MOUNTAIN GOLD MINING Co. *v.* PATTERSON and others.

Filed May 3, 1884.

MINING CLAIM—NOTICE OF LOCATION.
    A notice of the location of a mining claim, under the laws of the United States and the territory of New Mexico, which does not describe the limits of the claim by reference to natural objects or permanent monuments, is not sufficient, although it describes the claim as bounded by certain other claims.[1]

AXTELL, C. J., dissents.

*Beall, Chandler & Hough* and *W. T. Thornton,* for appellants.

*W. B. Childers,* for appellees.

[1] *Contra,* McGregor v. Donnelly, (Cal.) 7 Pac. Rep. 422. As to sufficiency of notice and description, see Carter v. Bacigalupi, (Cal.) 23 Pac. Rep. 361; McBurney v. Berry, (Mont.) 5 Pac. Rep. 867; Leggatt v. Stewart, (Mont.) 2 Pac. Rep. 320; Russell v. Chumasero, (Mont.) 1 Pac. Rep. 713.

BELL, J. This is an appeal from a judgment entered against the plaintiff and appellant in the district court for Lincoln county at the October term, A. D. 1883. The plaintiff brought its action in ejectment to recover the possession of a certain mining claim known as the "Oro Cash" lode, situated at White Oaks. The only question presented by the record is whether the notice of location, offered in evidence by the plaintiffs in support of their action, was improperly excluded by the court. The notice is as follows:

"Notice is hereby given that the undersigned, having complied with the requirements of chapter six of title thirty-two of the Revised Statutes of the United States, and of the local customs, laws, and regulations, has located ' Oro Cash' lode, ledge, or deposit of mineral bearing rock, situated in White Oaks mining district, county of Lincoln, and territory of New Mexico, and described as follows: Situated on Baxter mountain, west of Baxter gulch; bounded on the west by Homestake lead, on the south end by Silver Cliff claim, on the north end by Rip Van Winkle claim; running (600) six hundred feet in a southerly direction, and (100) one hundred feet in a northerly direction, three hundred feet in width. Discovered November 4, 1880; located November 18, 1880.                                    G. R. NICKEY, Locator.

"Attest:
    "JAMES W. LAWSON.
    "J. O. NABOURS.

"Filed for record this twelfth day of January, A. D. 1881, at 10 o'clock A. M., and duly recorded as above.              BEN. H. ELLIS, Recorder.
                                               "By WM. O. BURT, Deputy."

"*Territory of New Mexico, County of Lincoln—ss.:* I, S. R. Corbett, probate clerk and *ex officio* recorder in and for the county of Lincoln, in the territory aforesaid, do hereby certify that the above and foregoing is a true and correct copy of the location notice of the ' Oro Cash ' mine, as recorded in Book H, page 141, of the mining records of this office.

"In witness whereof, I have hereunto set my hand and official seal the twentieth day of August, A. D. 1883.                         S. R. CORBETT,

"[Seal.]     Probate Clerk and *ex officio* Recorder, Lincoln County, N. M."

Counsel for the defendants objected to the introduction of this notice, alleging that it was void for insufficiency as a location notice, and failed to properly describe a mining claim. The court sustained the objection, and to this action an exception was taken; and that is the only question presented for our consideration.

By the statutes of the United States all records of mining claims shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located, by reference to some natural object or permanent monument, as will identify the claim. By the laws of this territory the locator is required to post upon the claim a notice, which shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located, by reference to some natural object or permanent monument, as will identify the claim. It will thus be seen that the statutes of the territory, in providing what was to be a sufficient location notice, follows the language of the United States Statutes as to what shall be a necessary description to be inserted in the

record of the claim. We are of opinion that the location notice offered in evidence on behalf of the plaintiffs in this case fails to comply with the notice required by the laws of the territory, and that, consequently, the court rightfully refused to permit its introduction as evidence. The purpose of the law is, in our judgment, to require such notice and description of the claim as would enable any person going upon the ground to identify it by means of the references made to natural objects or permanent monuments. We think that the boundary lines of other adjoining claims are neither natural objects nor permanent monuments. They are, in fact, imaginary lines which are to be determined by the natural objects or permanent monuments actually existing upon such other claims. Those claims themselves may be well marked and defined by natural objects or permanent monuments, but no reference is made to either in the notice in question in this case. If the notice of location in this case is held to be good, then the court, in effect, will hold that, in order to locate the claim covered by the notice, the person attempting it must make a survey of each of the other claims referred to in it, in order to correctly fix the lines of the claim which is bounded by them. This, in our opinion, cannot have been the intention of the law. It seems clear to us that the natural objects or permanent monuments required by our statute must be such as will enable a person, endeavoring to locate the claim, to correctly make a survey of it by means of the references made to such natural objects or permanent monuments.

The case cited by counsel for appellant, and much relied upon, is the *Southern Cross Co.* v. *Europa Co.* 15 Nev. 385. That case bears analogy to this case only because the notice of location, which called for stone monuments at each corner of the claim, also described it as bounded by four other claims. The court sustained the sufficiency of the notice upon the fact that it called for the stone monument on each corner, which, of course, was satisfactory. It in effect decided that these monuments were all that were necessary, for in the opinion the court says:

"If it were necessary in order to support the findings of the court below, we would presume that these other claims were well known, and defined by permanent monuments. If they were so defined, there can be no question that plaintiff's notice was sufficiently definite as to the *locus* of the claim."

In other words, the court holds that in order to sustain the findings they would presume that evidence of permanent monuments upon the other claim was presented to the court below. The court nowhere intimates that a location notice, making alone as boundries the lines of four other claims, would be sufficient.

In *Faxon* v. *Barnard*, 2 McCrary, 45, S. C. 4 Fed. Rep. 702, Judge HALLETT says:

"There is, however, another objection to defendant's certificate of location, that it does not refer to a natural object or permanent monument from which the claim may be identified. We are not asked to consider what may be a

natural object or permanent monument to which reference may be made, but whether the language of the certificate in making such reference is sufficient under the law; for there is not in the certificate anything whatever as to any natural object or monument. It is said that the claim is situated on the north side of Iona gulch, about timber line on the west side of Bald mountain. Said claim is staked and marked as the law directs. It is utterly impossible to find in this language any reference to a natural object or permanent monument defining the location, and the only question is as to the effect of the omission. The act of congress requires such reference to be made in the description of the claim, (Rev. St. § 2324,) and the state legislature has declared that the certificate shall give such description as shall identify the claim with reasonable certainty. Gen. Laws Colo. 630. * * * The government gives its lands to those citizens who make discovery of precious metal ores thereon, upon condition that they will define the subject of the grant with such certainty as may be necessary to prevent mistakes on the part of the government, or on the part of other citizens who may be seeking like bounty. This is reasonable and necessary to justly administer the law, and therefore, it must be said, without such description a certificate of location is void."

As we have seen, under the statutes of New Mexico the location notice must describe the claim with reference to natural objects or permanent monuments. That those natural objects or permanent monuments mean substantial objects which can be seen by the eye, and made the basis for a survey, we have no doubt. The very foundation and basis of a mining claim is a correct location notice. Without that, no proof of possesion or boundary can be made. The notice in the case at bar is deficient in this description, and consequently void, and was properly excluded from the record by the court below.

Judgment must be affirmed; and it is so ordered.

AXTELL, C. J., *dissenting.* The plaintiff, to support its case, offered in evidence a certified copy of the original location notice, which said certified copy was in words and figures as follows:

"NOTICE OF LOCATION.

"Notice is hereby given that the undersigned, having complied with the requirements of chapter six of title thirty-two of the Revised Statutes of the United States, and of the local custom, laws, and regulations, has located 'Oro Cash' lode, ledge, or deposit of mineral bearing rock, situated in White Oaks mining district, county of Lincoln, and territory of New Mexico, and described as follows: Situated on Baxter mountain, west of Baxter gulch; bounded on the west by Homestake lead, on the south end by Silver Cliff claim, on the north end by Rip Van Winkle claim; running (600) six hundred feet in a southerly direction, and (100) one hundred feet in a northerly direction, three hundred feet in width. Discovered November 4, 1880; located November 18, 1880.                                    G. R. NICKEY, Locator.

"Attest:
      "JAMES W. LAWSON,
      "J. O. NABOURS.

"Filed for record this twelfth day of January, A. D. 1881, at 10 A. M., and duly recorded as above.                  BEN. H. ELLIS, Recorder,
                                        "By WM. O. BURT, Deputy."

To the introduction of which the defendants objected, because the same was void for insufficiency as a mining location notice, [the objection that this was not the original location notice was waived by an agreement of record,] and the only objection made by the defendants was the insufficiency of the location notice to properly describe a mining claim. The objection was sustained by the court, to which objection the plaintiff then and there excepted. The plaintiff then offered to show that the mining claim referred to in the location notice as boundaries of said "Oro Cash" claim were old and well-known mines, with well-defined and established boundaries, and that they were situated, as to the "Oro Cash" claim, as described in the notice of location, and at the point of discovery the notice of the "Oro Cash" location was posted; that the lines of the claim were well marked upon the ground, as the law required, and properly staked and monumented at each and every corner thereof, with end stakes at the points in the end of the claim where the vein passes out, and to show that immediately after the location of the said claim that the locator went into possession thereof, and remained in possession until the claim was transferred to the plaintiff by proper deed, and that the plaintiff remained in possession from the time of said conveyance until ousted by defendants, in the month of June, 1883; that the "Oro Cash" was a well-known claim; that it was well known throughout the camp by its name and boundaries, as marked upon the ground, and to be the property of the plaintiff. The defendants objected to the introduction of this evidence, or any part thereof, and the objection was sustained, to which ruling the plaintiff then and there excepted. At this point plaintiff took a nonsuit, with leave to set aside, and afterwards final judgment was entered in favor of defendants. Plaintiff appealed to this court, and assigned as error the refusal of the court below to receive the evidence offered.

A location of a mining claim, when perfected, has the effect of a grant by the United States of the right of present and exclusive possession and enjoyment of all the surface included within the lines of the location. These lines must be distinctly marked upon the ground, so that the boundaries of the claim can be readily traced. In addition to the marking upon the ground, the statutes of the United States and of this territory require that the claim shall be recorded, and a notice posted in some conspicuous place upon the claim, giving the name or names of the locators, the date of the location, and such a description of the claim, by reference to some natural object or permanent monument, as will identify the claim. A location is not made by taking possession alone, but by working on the ground, recording, and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations. A mining claim thus perfected is property in the highest sense of that word.

The plaintiff below offered to prove that all the requirements of the laws of congress and of this territory had been substantially com-

plied with; that the mining claims which are referred to in the notice of location were old and well-known mines, with well defined and established boundaries. Whether this was so or not was a matter of proof, and the plaintiff ought to have had an opportunity to make good his declarations.