[No. 9388.   In Bank. — October 6, 1887.]

In the Matter of the Estate of EUGENE HERTEMAN, Deceased.

ESTATE OF DECEDENT — SETTLEMENT OF ACCOUNT OF ADMINISTRATOR. — The refusal of the court on the settlement of the final account of an administrator to allow him credit for money paid to the partner of the deceased for losses incurred in running a hotel, or to permit a correction to be made as to a disallowed item in a former account, will not be interfered with on appeal, when the evidence is insufficient either to support the expenditure or to warrant the correction.

ID. — NEGLIGENCE OF ADMINISTRATOR — FAILURE TO PAY TAXES — COMMINGLING FUNDS OF ESTATE — INTEREST. — An administrator is properly

LXXIII. CAL.—35

chargeable with the value of real property which has become lost to the estate through his neglect to pay the taxes thereon, and with interest on money of the estate which he had drawn and mingled with his own funds and omitted from his account.

ID.— NEW TRIAL IN MATTERS OF ACCOUNTING — SETTLEMENT OF STATEMENT — APPEAL. — MANDAMUS. — Conceding that a motion for a new trial may be had in a proceeding for the settlement of the accounts of an administrator, the refusal of the court to entertain such a motion, or to settle a statement of the case to be used thereon, cannot be reviewed on appeal. If a new trial may be had in such a proceeding, the proper remedy of the moving party, in case of such a refusal, is by *mandamus* to compel the court to take action in the matter.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco settling the accounts of an administrator, from a decree of distribution, and from an order refusing to act upon a motion for a new trial.

The facts are stated in the opinion of the court.

*A. W. Thompson,* and *L. E. Bulkeley,* for Appellant.

*R. Percy Wright,* and *Selden S. Wright,* Respondents.

McFARLAND, J. — This is an appeal by E. Chaquette, administrator of the estate, from an order settling his final account, from the decree of distribution, and from an order refusing to act upon the administrator's motion for a new trial.

The particular items of the account with respect to which appellant contends that the court erred are these: 1. The item of $415 charged by appellant as money paid to a partner of the deceased to cover loss in running a hotel, and disallowed by the court. Whether such a charge could be allowed under any circumstances it is not necessary to decide, because there was no sufficient evidence of the item. 2. Appellant was charged with $501.89, the value of certain real property lost to the estate by the neglect of appellant to pay taxes, etc. We see no error in this ruling. 3. Appellant claimed a cor-

rection of six hundred dollars in a former account, rendered several years before, which was not allowed. We cannot see that the court erred in holding that there was not sufficient evidence to warrant this correction. 4. Seven hundred and forty-two dollars interest on money of the estate drawn by appellant and mingled with his own funds, and omitted from his account, and charged to him by the court. This was in accordance with well-settled principles; and there was no error in the ruling. The appeal, therefore, from the order settling the account presents no grounds for a reversal; and the appeal from the decree of distribution stands on the same footing.

2. After the order settling the account was made, the appellant filed and served a notice of intention to move for a new trial, and prepared and served a statement of the case. The contestants thereupon objected to the settlement of any statement, and to any proceeding on said motion, on the ground that the provisions of the code relating to new trials were not applicable. The court sustained the objection, and declined to hear, or in any way act on, said motion. If it was the clear duty of the court to settle the statement, and act upon the motion for a new trial, *mandamus* to compel such action would have been the proper remedy; but this non-action of the court — this nothing — cannot be reviewed on a general appeal of the case.

It may be remarked, however, that it is doubtful if the true construction of that part of the Code of Civil Procedure relating to probate matters is, that every contested motion in probate proceedings assumes the character of a civil action, with all the attendants of a right to a jury trial, motion for new trial, etc. Such a construction would greatly confuse and prolong the settlement of estates,—a matter already sufficiently complicated. The subject is discussed to some extent in the opinion of Mr. Justice Temple, in the case of the *Estate*

of *William H. Moore*, 72 Cal. 335, and there are reasons
for holding that the suggestions there made should be
adopted as expressive of the true meaning of the code.
However, all we desire in the case at bar is to be under-
stood as not determining whether it was the duty of the
court to entertain the motion for a new trial.

Orders affirmed.

TEMPLE, J., McKINSTRY, J., SHARPSTEIN, J., PATER-
SON, J., and SEARLS, C. J., concurred.