[No. 14931. In Bank. — March 12, 1892.]

MAGGIE LEACH, PETITIONER, v. W. L. PIERCE, SUPERIOR JUDGE, RESPONDENT.

ESTATES OF DECEDENTS — PROCEEDINGS FOR SALE OF REALTY — ISSUES OF FACT — NEW TRIAL. — Issues of fact are expressly authorized by the provisions of the code requiring petitions for the sale and conveyance of real estate of decedents to be in writing, setting forth the facts showing the sale to be necessary, and providing for the hearing and determination of written objections by persons interested in the estate; and a motion for a new trial is proper to review the decision of the court upon such issues.

ID. — BILL OF EXCEPTIONS — REFUSAL OF SETTLEMENT — PREVIOUS REFUSAL
OF PREDECESSOR IN OFFICE — MANDAMUS. — Where a bill of exceptions
on motion for a new trial has been prepared and served in proper time,
the superior judge in office cannot properly refuse to settle the bill on
the ground that his predecessor in office, who tried the case, had refused
to settle it after his term of office had expired, and a *mandamus* was not
allowed to compel such settlement because of such expiration of term,
but the judge in office will be compelled by *mandamus* to settle the bill.

MANDAMUS to the judge of the Superior Court of San
Diego County to compel the settlement of a bill of ex-
ceptions.

The facts are stated in the opinion of the court.

*Wellborn, Parker & Stevens,* and *Haines & Ward,* for
Petitioner.

*Luce & McDonald,* and *Works, Gibson & Titus,* for Re-
spondent.

PATERSON, J. — This is an application for a writ of
mandate to compel the respondent to settle a bill of ex-
ceptions.

The petitioner alleges that the administrator of the
estate of Henry Burton, deceased, filed a petition in the
superior court on September 6, 1889, praying for an
order for the sale of a portion of the estate of said de-
cedent; that petitioner in due time filed written objec-
tions to the granting of said petition; that the issues
were tried without a jury by Judge Aitken, who, on the
third day of January, filed findings of fact and conclu-
sions of law, and entered a judgment thereon granting
the petition of the administrator; that no notice of the
decision or entry of the judgment was ever given to the
petitioner, but on March 2, 1891, she appealed from
the judgment to the supreme court, and the appeal is
still pending; that on January 12, 1891, petitioner served
upon the administrator a notice of intention in due form
to move for a new trial; that the court granted the peti-
tioner twenty days from January 21st in which to pre-
pare and serve affidavits and a bill of exceptions to be

XCIII. CAL.—40

used on the motion for a new trial; that the proposed bill was served on February 10, 1891; that in due time the administrator served a document containing objections and proposed amendments to said proposed bill of exceptions; that the proposed bill and the objections and proposed amendments were given to the clerk on March 14th; that Judge Aitken heard the parties in the matter of the settlement of said bill on April 11th, and refused to settle any bill. The petition then goes on to allege various matters which occurred thereafter, and which are in all respects the same as the facts stated in *Leach* v. *Pierce, ante,* p. 614, relating to an application to this court for a writ of mandate, its order thereon, and an application to Judge Pierce for a settlement of the proposed bill, and his action thereon.

The provisions of the code for the sale and conveyance of real estate of decedents require all petitions for orders to be in writing, setting forth the facts showing the sale to be necessary, and upon the hearing, "any person interested in the estate may file his written objections, which must be heard and determined." Issues of fact, therefore, are expresssly authorized by the code, and a motion for a new trial is proper to review the decision of the court. (*Estate of Bauquier,* 88 Cal. 315; *Leach* v. *Pierce, ante,* p. 614.)

The decision of the court was filed on January 3, 1891, and within ten days thereafter notice of intention to move for a new trial was given, and a bill of exceptions was prepared and served within the time allowed by the statute and the order of the court.

The refusal of the respondent to settle the bill because Judge Aitken had refused to settle it is not based upon tenable ground. Upon the facts stated, the petitioner was entitled to a bill of exceptions; but this court could not compel Judge Aitken to settle one because his term of office had expired, and for that reason only the application made by the petitioner for a writ of mandate was denied.

The petitioner is entitled to have a bill of exceptions

settled, showing a correct record of the proceedings, if the facts be as stated in her petition. The objections to the petition are therefore overruled. Let the writ be made peremptory.

McFARLAND, J., SHARPSTEIN, J., HARRISON, J., DE HAVEN, J., GAROUTTE, J., and BEATTY, C. J., concurred.