[S. F. No. 2629. In Bank. — August 7, 1901.]

In the Matter of the Estate of WILLIAM A. FRANKLIN, Deceased. MASON B. FRANKLIN et al., Appellants. PEDDIE FRANKLIN, Executrix, Respondent.

ESTATES OF DECEASED PERSONS — ORDER SETTLING ANNUAL ACCOUNT OF EXECUTRIX — PROCEEDING FOR NEW TRIAL INAPPLICABLE. — The proceeding of a motion for a new trial does not apply to the case of an order settling the annual account of an executrix.

ID. — APPEAL FROM ORDER — NEW-TRIAL STATEMENT NOT PERMISSIBLE. — An appeal from an order settling an account of an executor is not a final judgment upon which a statement on motion for new trial can be used.

ID. — DISMISSAL OF APPEAL — FAILURE TO FILE TRANSCRIPT. — An appeal from an order settling the annual account· of an executrix must be dismissed for failure to file the transcript within forty days.; and such dismissal cannot be prevented by the pendency of an unsettled statement on motion for a new trial.

MOTION to dismiss an appeal from an order of the Superior Court of Santa Barbara County settling the annual account of an executrix. B. F. Williams, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellants.

B. F. Thomas, for Respondent.

McFARLAND, J. — This case is before us on a motion of respondent to dismiss the appeal taken by appellants from an order of the superior court, sitting in probate, settling the first annual account of the executrix. The motion is on the ground that no transcript on appeal has been filed within the forty days allowed by the rule of this court.

It is admitted by appellants that the transcript has not been filed within the forty days, but they set up as their answer to the motion, that, after the order settling the account had been made, they moved for a new trial, and filed a statement on their motion for a new trial; that the statement has not yet been settled, and that therefore their time has not expired, under the rule.

1. We think that the proceeding of a motion for a new trial

does not apply to a probate order settling the annual account
of an executrix.    It was so declared in *Estate of Sanderson*, 74
Cal. 199, and it has never since been directly held otherwise.
That case was an appeal from an order settling the accounts
of the executor, and Mr. Justice McKinstry, in delivering the
opinion of the court, after reviewing the subject quite fully
with reference to sections 1716 and 1717 of the Code of Civil
Procedure, and alluding to *Estate of Moore*, 72 Cal. 335, and to
remarks made in *Estate of Herteman*, 73 Cal. 545, says: " By
sections 1713 and 1714, the provisions of part II of the code
relating to proceedings in ordinary actions do not constitute
the rules of practice in probate proceedings when 'it is other-
wise provided'; and the provisions of part II relating to new
trials and appeals are not applicable when 'inconsistent'
with the provisions of the title in which the sections are found.
A mode and manner of settling accounts of executors and ad-
ministrators is specially provided, which, if followed, is incon-
sistent with the provisions relating to new trials."   And again
he says: " Are sections 1716 and 1717 to be read as command-
ing the proceedings set forth in section 1312 of the Code of
Civil Procedure, and those which immediately follow it, to be
resorted to whenever an account is settled?   In *Estate of Moore*,
72 Cal. 335, the question was fully considered and discussed
by Justice Temple, and the question above stated was answered
in the negative."   The case of *Estate of Moore*, 72 Cal. 335, was
substantially to the same effect; for, while the decision there
went directly only to the point that there is no right to a jury
trial in the matter of settling an administrator's account, yet
the reasoning clearly included motions for a new trial.   The
court called attention to the opportunity which an opposite
construction would give a litigious person to indefinitely post-
pone the settlement of an estate, and concluded that the ope-
ration of sections 1716 and 1717 of the Code of Civil Procedure
should be confined " to those cases in which the code has ex-
pressly authorized issues of fact to be framed "; and, of course,
necessarily held that settling the account of an executor or
administrator was not one of those cases.   In *Estate of Sander-
son*, 74 Cal. 199, the court said that, under sections 1716 and
1717 of the Code of Civil Procedure, " exceptions to an account
do not create 'issues of fact joined,' such as must be submitted
to a jury "; and if not, then such exceptions do not, under
said sections, give the right to a motion for a new trial.

The point here in question was not involved in either *Estate of Bauquier*, 88 Cal. 302, or *Leach* v. *Pierce*, 93 Cal. 624. In *Estate of Bauquier*, 88 Cal. 302, the only question involved was, whether a motion for a new trial was proper in a proceeding inaugurated by the written petition of appellant therein for the probate of a certain will and her appointment as executrix thereunder, and written opposition to her appointment on the ground of incompetency, and it was held that as the action of the court was invoked as to matters of fact which were "presented to it for determination in the form of pleadings," a motion for a new trial was the proper proceeding; but it was said in that case: "It would be impossible to enumerate the cases in which a motion for a new trial is appropriate in probate proceedings." In *Leach* v. *Pierce*, 93 Cal. 624, it was held that a motion for a new trial was proper, where the contest was over a petition for the sale of real property of an estate, because, under the provisions of the code on that subject, as in *Estate of Bauquier*, 88 Cal. 302, there were issues of fact presented in the form of pleadings. But in another appeal in the same case, reported in the same volume (*Leach* v. *Pierce*, 93 Cal. 614), the decision being subsequent to that in *Estate of Bauquier*, 88 Cal. 302, it was held that a motion for new trial was not allowable on a contest for family allowance. The court there said that "it was evidently the intention of those who framed and adopted the provisions of the code relative to probate proceedings to curtail dilatory proceedings in the settlement of estates." The court further said: "It is not necessary, however, in this case to lay down a rule of universal application, and all we decide is, that, in the matter before us, proceedings for a new trial were not authorized. It is better, perhaps, to follow the suggestion of Mr. Justice Miller in *Davidson* v. *New Orleans*, 96 U. S. 104, to ascertain the intent and proper application of the provisions bearing upon the subject 'by the gradual process of judicial inclusion and exclusion, as the cases presented for decision shall require.'" Reference is made in the opinion to *Estate of Moore*, 72 Cal. 335, and *Estate of Herteman*, 73 Cal. 545. In the Herteman case the appeal was from an order settling an administrator's account, and the court below had refused to settle the statement on motion for a new trial, on the ground that such a proceeding was not allowable, but it was held that such action of the lower court could not be reviewed here on a general ap-

peal of the case, but could be reached only on *mandamus;* and thus the question of the right to move for a new trial was not directly determined. But the court said: "It may be remarked, however, that it is doubtful if the true construction of that part of the Code of Civil Procedure relating to probate matters is, that every contested motion in probate proceedings assumes the character of a civil action, with all the attendants of a right to a jury trial, motion for new trial, etc. Such a construction would greatly confuse and prolong the settlement of estates,—a matter already sufficiently complicated. The subject is discussed to some extent in the opinion of Mr. Justice Temple in the case of *Estate of Moore*, 72 Cal. 335, and there are reasons for holding that the suggestions there made should be adopted as expressive of the true meaning of the code."

And so, while the right to move for a new trial on an order settling an account has never been directly passed upon since the decision in *Estate of Moore*, 72 Cal. 335, and *Estate of Sanderson*, 74 Cal. 199, the tendency has been to prevent that unnecessary delay in the administration of estates which would be caused by allowing all the machinery of a civil action to be used in ordinary probate proceedings. Of course, the code expressly provides for a jury trial and motion for new trial in contests of wills; but, in addition to that, the right to move for a new trial has been extended in probate matters to only two cases, to wit: a contest over a petition for letter testamentary, in *Estate of Bauquier*, 88 Cal. 302; and a petition for the sale of land, in *Leach* v. *Pierce*, 93 Cal. 624. While it is not necessary to inquire here whether there is any other probate proceeding in which a motion for a new trial would be allowable, it is sufficient to say that we do not think it applicable to an order settling an account. As was pointed out in *Estate of Sanderson*, 74 Cal. 199, and *Estate of Moore*, 72 Cal. 335, it is the duty of the court, of its own motion, to carefully scrutinize all accounts, and to reject all claims of the executor which are illegal or unjust. In *Estate of Sanderson*, 74 Cal. 199, it was said: "The court might possibly overlook particular objections which were not called to its attention; and the exceptions are permitted in aid of the court when performing its duty of making the account correct." The mere fact that parties may file such exception does not bring the right here claimed within the cases of *Estate of Bauquier*, 88 Cal. 302, and *Leach* v. *Pierce*, 93 Cal. 624.

2. Moreover, a statement on motion for a new trial can be used on another appeal only when such appeal is "from a final judgment" (Code Civ. Proc., sec. 950); and an order settling an account is not a final judgment, within the meaning of section 963 of the Code of Civil Procedure, which prescribes the judgments and orders from which appeals may be taken. That section has three subdivisions. The first provides that an appeal may be taken "from a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from another court"; the second provides for appeals from various orders and interlocutory judgments rendered in ordinary civil actions; and the third, from judgments and orders in probate proceedings, including an appeal from an order "settling an account of an executor," and the general rule is well established, that appeals can only be taken from such judgments or orders in probate matters as are mentioned in this subdivision. (*In re Walkerly*, 94 Cal. 352, and cases cited.) The "appeal from a final judgment" mentioned in section 950 of the Code of Civil Procedure clearly means only the appeal "from a final judgment" mentioned in subdivision 1 of section 963, and does not include appeals in probate matters, which are provided for, in a different category, by subdivision 3. In *Estate of Calahan*, 60 Cal. 232, an appeal had been taken from a probate order which was not appealable under subdivision 3, and it was sought to maintain the appeal as one taken from a "special order made after final judgment" under subdivision 2; but the court said: "We think that the final judgment there referred to is the one mentioned in subdivision 1,—to wit, 'a final judgment in an action or special proceeding commenced in a superior court, or brought into a superior court from another court.'"

The motion is granted and the appeal is dismissed.

Henshaw, J., Van Dyke, J., Garoutte, J., Harrison, J., and Temple, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.