[No. 1852]

THE STATE OF NEVADA, EX REL. CLARA COOK, RELATOR, v. FRANK P. LANGAN, JUDGE OF THE FIRST JUDICIAL DISTRICT, RESPONDENT.

1. HOMESTEAD—RIGHTS OF SURVIVING SPOUSE—PROCEEDINGS FOR ALLOT-MENT—REVIEW—MOTION FOR NEW TRIAL.
   A motion for new trial preliminary to appeal is proper in estate proceedings to set aside a homestead to the widow; the practice in civil cases being made applicable to such proceedings by probate act (Stats. 1897, sec. 281, p. 164; Comp. Laws, 3067).

2. HOMESTEAD—RIGHTS OF SURVIVING SPOUSE—PROCEEDINGS FOR ALLOT-MENT—PETITION.
   The issue as to whether property sought to be set aside to a widow of a homestead is separate or community property, is raised by a petition showing that the husband was in possession when he died; the presumption being in favor of the community in such case.

ORIGINAL PROCEEDING. Mandamus by the State, on the relation of Clara Cook, against Frank P. Langan, to compel respondent, as judge of the district court, to settle a proposed statement on a motion for a new trial. **Writ issued.**

The facts sufficiently appear in the opinion.

Samuel Platt and M. A. Murphy, for Petitioner.

W. Woodburn and J. Poujade, for Respondent.

By the Court, NORCROSS, C. J.:

This is an original proceeding in mandamus. The petition of relator sets forth: That she is the widow of Walter Cook, deceased, and the administratrix of his estate; that as such

widow she filed a petition in the First Judicial District Court in and for Ormsby County, in the estate proceedings of the said Walter Cook, deceased, praying for an order of said court setting aside to her, for her own individual separate use and benefit, certain specified real property as a homestead; that said petition was contested by certain of the alleged heirs at law of said decedent; that thereafter said petition came on regularly to be heard before said court, and evidence was presented on behalf of said petitioner and also on behalf of said contestants; that, after the conclusion of such hearing, the matter was submitted to the court for its decision; that thereafter, and on July 30, 1908, the said court made an order denying the prayer of the petitioner; that thereafter, and on September 11, 1908, within the time allowed by the court, petitioner filed and served her notice of motion for a new trial; that thereafter, on the 25th day of September, 1908, within the time allowed by the court, petitioner filed and served her proposed statement on motion for a new trial; that no amendments to said proposed statement were offered by contestants, and, pursuant to oral stipulation of respective counsel in open court, the said court set down the hearing of petitioner's motion for a new trial for the 27th day of July, 1909; that on said date last mentioned, upon motion of counsel for petitioner, the court ordered the clerk to indorse upon said proposed statement that "no amendments have been filed to the proposed statement on motion for a new trial"; that thereupon the court made an order refusing to settle said proposed statement upon the ground that an order denying a petition to set aside a homestead was a direct appealable order, and that a motion for a new trial was and is not a proper remedy, to which ruling the petitioner duly excepted.

The answer of respondent herein sets up: That the petition of relator in the lower court failed to allege that the property, sought to be set apart as a homestead, was community property, and that the inventory, filed in the estate matter, failed to show its character; that upon the hearing petitioner admitted that the property in question was the separate property of Walter Cook, deceased; that there were no issues of fact made by pleadings as to whether the property was separate or

community property, the sole question considered by the court
in its order; that the hearing upon the petition was merely to
inform the respondent of the character of the property, and
was not a legal trial; that, if petitioner were denied her rights
in the order refusing to set aside a homestead, her remedy
was by appeal from said order; that the court had no juris-
diction of a motion for a new trial to reverse its decision on
such an order; and that therefore respondent was, and is,
without authority to settle the proposed statement on motion
for new trial. Upon the hearing of this application for
*mandamus*, the records and files in the lower court were
offered in evidence. The notice of motion for a new trial
was based upon the grounds of insufficiency of the evidence
to justify the judgment and that the decision and judgment is
against law.

As we view this application, only a question of practice is
presented upon the record. Counsel have to some extent
argued the question of law whether or not the lower court has
power to decree a homestead set apart out of the separate
estate of the deceased husband. It is conceded that such
question controlled the court in making the order denying the
application to set aside a homestead. This question is one of
great importance and has never been determined by this court.
It was sought to be determined in the case of *Quinn* v. *Quinn*,
27 Nev. 156, but this court held that the appellant had not
taken the proper procedure to present the question in that
case, and hence the question was not passed upon. Were the
question now properly before us, we should not be disposed to
determine it in the absence of the question being thoroughly
briefed by respective counsel. If, as counsel for respondent
contend, a homestead can in no event, under the statutes of
this state, be set apart out of the separate property of the
deceased husband, in the absence of statutory declaration
having been made prior to his death, and the evidence offered
in the lower court upon the hearing conclusively shows that
the property, sought to be set aside, was part of decedent's
separate estate, and that there was no showing that such dec-
laration was ever made, then the evidence would justify the
decree entered; but this court cannot pass upon such question

until it is properly presented upon appeal. Hence, as before stated, the only question now before us is one of practice, to wit, whether petitioner has a right to move for a new trial preliminary to an appeal, or whether he is limited by appeal direct from the order or decree. We are convinced, from an examination of the statutory provisions controlling, that the proceeding by motion for a new trial is proper.

Sections 252, 255, and 281 of the act to regulate the settlement of estates of deceased persons, provide:

"SEC. 252. All issues of fact in matters of an estate shall be disposed of in the same manner as is by law provided upon the trial of issues of fact in a common-law action. All questions of costs may be determined by the court, and execution may issue therefor in accordance with the order of the court."

"SEC. 255. Any person interested in, affected by, and aggrieved at the decision and decree of the district court appointing an executor or administrator, revoking letters, allowing a final account, or disallowing it, decreeing a distribution or partition, order or decree, confirming or setting aside a report of commissioners, admitting or refusing a will for probate, and any other decision wherein the amount in controversy equals or exceeds, exclusive of costs, one thousand dollars, may appeal to the supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in action at law."

"SEC. 281. When not otherwise specially provided in this act, all the provisions of law regulating proceedings in civil cases, shall apply in matters of estate, when appropriate, or the same may be applied as auxiliary to the provisions of this act." (Comp. Laws, 3038, 3041, 3067.)

In the case of *Quinn* v. *Quinn, supra*, this court said: "By analogy, we may consider the petition for the order setting apart a homestead as a complaint, the reply thereto as an answer, and the order as a judgment, and regard them as constituting a judgment roll." A decree setting aside or refusing to set aside a homestead is essentially a final judgment affecting the title to real property. If an application to set aside a homestead is contested, the issue or issues joined are tried in the same manner as issues in an ordinary action. We see

no reason why a motion for a new trial would not be appropriate in such a proceeding. If the lower court has erred in its decision, it ought to have an opportunity to correct it and thus avoid the necessity of an appeal. If a motion for a new trial is appropriate, and we think it is, it is made applicable to proceedings of this character by the provisions of section 281, *supra*. Counsel for respondent has not pointed out how this court could review the sufficiency of the evidence to support a decree in a homestead contest, upon a direct appeal. This court has frequently held, in actions brought under the provisions of the civil practice act, that it cannot review the evidence to determine its sufficiency to support the judgment in the absence of a motion and statement on motion for a new trial. (*State* v. *Sadler*, 21 Nev. 13; *Burbank* v. *Rivers*, 20 Nev. 81; *Beck* v. *Truckee Lodge*, 18 Nev. 246; *State* v. *Northern Belle M. Co.*, 15 Nev. 385; *Conley* v. *Chedic*, 7 Nev. 336; *James* v. *Goodenough*, Id. 324; *Whitmore* v. *Shiverick*, 3 Nev. 303; *Quinn* v. *Quinn*, 27 Nev. 156.)

The Supreme Court of California, in *Re Bauquier*, 88 Cal. 315, 26 Pac. 533, said: "It would be impracticable to enumerate the cases in which a motion for a new trial is appropriate in probate proceedings; but it may be stated generally that, whenever the action of the court which is invoked is dependent upon the existence of certain extrinsic facts which are presented to it for determination in the form of pleadings, and are to be decided by it in conformity with the preponderance of the evidence offered thereon, an issue of fact arises which, after its decision, may be reexamined by the court upon a motion for a new trial." (*Leach* v. *Pierce*, 93 Cal. 614, 29 Pac. 235; Id. 93 Cal. 624, 29 Pac. 238; *In re Spencer*, 96 Cal. 448, 31 Pac. 453; *Estate of Franklin*, 133 Cal. 584, 65 Pac. 1081; *In re Davis's Estate*, 27 Mont. 235, 241, 70 Pac. 721.)

It is contended that no issue was presented in the lower court for the reason that the petition to set aside a homestead did not allege that the property in question was community property; hence that there was no trial and no basis for a new trial. The petition, praying that certain specified real property be set aside to the widow as a homestead, alleges that "it was occupied by the said decedent and his family for a long time

prior to the death of the said decedent, and up to this date the widow of the said decedent has remained in the possession of the said house and premises." Further than this, there is no allegation from which the character of the property may be inferred. No direct allegation that the property is community appears. The answer filed by the contesting heirs sets up as a defense to the proceeding, in addition to certain denials, the allegation that the property in question was the separate estate of the decedent. Conceding, for the purposes of this case only, without so deciding, that it was essential for the petition to show that the property was community, in order to raise the issue, can the petition be regarded as containing such an allegation?

The Supreme Court of California, considering the provisions of the statute of that state defining separate and community property of husband and wife, from which ours was doubtless copied, in the case of *Meyer* v. *Kinzer*, 12 Cal. 251, 73 Am. Dec. 538, by Field, J., said: "All property is common property, except that owned previous to marriage or subsequently acquired in a particular way. The presumption therefore attending the possession of property by either is that it belongs to the community. Exceptions to the rule must be proved. * * * This invariable presumption which attends the possession of property by either spouse during the existence of the community can only be overcome by clear and certain proof that it was owned by the claimant before marriage, or acquired afterwards in one of the particular ways specified in the statute, or that it is property taken in exchange for, or in the investment, or as the price of the property so originally owned or acquired. The burden of proof must rest with the claimant of the separate estate." See, also, *Morgan* v. *Lones*, 78 Cal. 62, 20 Pac. 248; *Dimmick* v. *Dimmick*, 95 Cal. 367, 30 Pac. 547; *In re Boody*, 113 Cal. 686, 45 Pac. 858; *Fennell* v. *Drinkhouse*, 131 Cal. 447, 63 Pac. 734, 82 Am. St. Rep. 361; *Freese* v. *Hibernia Bank*, 139 Cal. 392, 73 Pac. 172; *Lake* v. *Bender*, 18 Nev. 361. "It may be stated as a general proposition that the presumption of the law is against separate property, and in favor of the community; the presumption attending the possession of property by either spouse being

that it belongs to the community. And hence, of course, it follows as a matter of course that the burden of proof is generally upon the party claiming that the property is not a part of the community estate. Property purchased or acquired during the existence of the marital relation, whether the title be taken in the name of the husband, or that of the wife, or in their joint names,' is presumed to be community property. Moreover, it has been held that, in the absence of proof that the property was acquired before marriage took place, the presumption arises that the property was obtained during the marriage relationship and is community. So property found in the possession of either husband or wife at the time the marriage is dissolved is presumed to be community estate. The above-mentioned presumptions are, however, *prima facie* only, and may be overcome by evidence showing that the property purchased or otherwise acquired was in fact paid for with separate funds, or otherwise acquired as separate property." (21 Cyc. 1650.)

From the authorities above cited, we think the petition to set aside a homestead, at least in the absence of demurrer, should be construed in connection with the presumption that the property in question is community property. Thus construed, the issue as to whether the property was separate or community was raised upon the face of the pleadings. It is our conclusion therefore that it was respondent's duty to settle the said statement on motion for a new trial.

The writ prayed for will issue.