IN RE ANTONIOLI'S ESTATE.    GORMALLY, APPELLANT,
*v.* SIMON, RESPONDENT.

(No. 2,874.)

(Submitted November 14, 1910.    Decided November 21, 1910.)

[111 Pac. 1033.]

*Probate Proceedings—Letters of Administration—New Trial—When Refusal Proper—Appeal—Dismissal.*

Probate Proceedings—Appeal from Order—Dismissal, When.
1.  An appeal from an order appointing an administrator and denying a counter-application for such appointment, will be dismissed if not taken within the sixty days, after entry of the order, allowed by section 7098, Revised Codes, for taking such an appeal.

Same—New Trial—When Refusal Proper.
2.  New trials in probate proceedings are proper only in cases involving issues of fact which are based upon formal pleadings authorized by the Codes.

Same—New Trial—Appeal—Dismissal.
3.  Where two applications for letters of administration were heard together, and issue was not joined as to any fact alleged in either petition, a motion for a new trial did not lie in favor of the unsuccessful petitioner, under the rule declared in paragraph 2, *supra;* and therefore an appeal from the order denying the motion ordered dismissed.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

PETITIONS by Nat Simon and by P. T. Gormally for the issuance of letters of administration of the estate of Peter Antonioli, deceased.    From an order granting the petition of Simon and

denying the petition of Gormally, and from an order denying a motion for a new trial, the latter appeals.   Dismissed.

In behalf of Appellant, *Messrs. Canning & Keating,* and *Mr. Homer G. Murphy,* submitted a brief.

The surviving husband or wife has an absolute right to nominate an administrator.   (*In re Stewart's Estate,* 18 Mont. 597, 46 Pac. 806; *In re Dorris' Estate,* 93 Cal. 611, 29 Pac. 244; *In re Healy's Estate,* 122 Cal. 162, 54 Pac. 736.)

We think it may be conceded as a general proposition that the mental capacity of a person necessary and sufficient to make a nomination of an administrator is much less than that required for executing written instruments of other character, such as the making of a deed or the executing of a will.   And especially we think is this true, in view of the plain policy of the law in regard to the right of a surviving widow to have charge of the administration of her deceased husband's estate.   In this case the respondent assumed the burden of proving that the surviving widow at the time she nominated the appellant, was of such unsound mind that she was incapable of validly executing the instrument in question.   This, we contend, he has failed to do. (*In re Calef's Estate,* 139 Cal. 673, 73 Pac. 539; *In re Scott's Estate,* 128 Cal. 57, 60 Pac. 527; *In re Latour's Estate,* 140 Cal. 414, 73 Pac. 1070; *In re Kendrick's Estate,* 130 Cal. 360, 62 Pac. 605.)   All persons are presumed to be sane until judicially declared to be insane, and the judgment of insanity is not retroactive.   (*In re Dolbeer's Estate,* 149 Cal. 227, 86 Pac. 695, 9 Ann. Cas. 795.)

Even in those states where a judgment of lunacy may cover a period of time prior to the inquisition, proof of the execution of a deed during such period by a person subsequently declared insane does not void the deed.   (*Hughes* v. *Jones,* 116 N. Y. 67, 15 Am. St. Rep. 386, 22 N. E. 446, 5 L. R. A. 632.)   Proof of insanity at a given time does not raise a presumption, and is not alone competent evidence that the person was insane at a prior date.   (*Terry* v. *Buffington,* 11 Ga. 342, 56 Am. Dec. 423; *White* v. *Graves,* 107 Mass. 325, 9 Am. Rep. 38.)

In behalf of Respondent, *Mr. B. K. Wheeler* submitted a brief and argued the cause orally.

The contention of counsel for the appellant is that we must prove that Kate Antonioli was insane at the very time that they claim she signed the nomination; but we think the well-established rule of law is that when general insanity is established and it is sought to prove a lucid interval, a complete interval of sanity in reference to the particular act in question must be proved, and even a single word sounding of folly is conclusive against the presumption of a lucid interval. (See *Ripley* v. *Babcock,* 13 Wis. 474.) In the case of *Ricketts* v. *Jolliff,* 62 Miss. 440, the rule is laid down that evidence in support of a lucid interval should be as strong and demonstrative of such fact as when the object of the proof is to show insanity.

In our opinion, section 7432 of the Revised Codes does not permit the husband or wife to have two selections; that is, if, for instance, as in this case, the wife is appointed administratrix of an estate, and for any reason she is removed, we do not think she has a right to request that another be appointed in her place. It is said in 11 American and English Encyclopedia of Law, page 785, that the effect of a removal is to devolve the right to administration on the class next entitled. (*McColgan* v. *Kenny,* 68 Md. 258, 11 Atl. 819.)

It has been held in New York that an executor whose letters have been revoked on the ground of having been adjudged a lunatic is not entitled to rehabilitation in office on judicial restoration. (*Matter of Dearing,* 4 Dem. (N. Y.) 81.) If this states the true rule, and we believe it does, we cannot see how, if the administrator could not be restored to the office himself, he could nominate his successor.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On November 1, 1909, upon petition by herself, the district court of Silver Bow county made an order appointing Kate Antonioli administratrix of the estate of her husband, Peter Anto-

nioli, deceased. On December 22, 1909, the respondent, Nat Simon, presented to the court his petition for the removal of Kate Antonioli from her office, on the ground that since her appointment she had become ill and of unsound mind to such an extent that she was wholly incompetent to administer the affairs of the estate, and asking that he be appointed in her stead. This petition was accompanied by a written request signed by six of the daughters of the deceased, all *sui juris*, that it be granted. Before the hearing thereon, and on January 10, 1910, P. T. Gormally, the appellant, presented his petition asking that he be appointed. This petition was accompanied by a written request by Kate Antonioli that she be allowed to resign and that Gormally be appointed in her stead. The court first accepted the resignation of Kate Antonioli. Thereupon the petitions were heard together, as required by section 7441, Revised Codes, with the result that on January 31, 1910, the court made an order granting the Simon petition and denying that of Gormally. From this order and from one denying his motion for a new trial, Gormally appealed. No issue was joined as to any fact alleged in either petition, nor was the competency of either applicant drawn in question by written objection.

When the record was filed in this court, the respondent submitted motions asking that the appeals be dismissed, the first on the ground that it had not been taken within sixty days from the date of the entry of the order, and the second on the ground that a final order in this character of proceeding, wherein no issues of fact are made by pleadings, cannot be reviewed on motion for new trial, and hence no appeal lies from an order granting or refusing such a motion. The first appeal was dismissed on the ground stated in the motion. (Revised Codes, sec. 7098; *In re Reilly's Estate*, 26 Mont. 358, 67 Pac. 1121.) Disposition of the motion to dismiss the second was deferred for argument. Now that counsel have been heard, we have concluded that this appeal must also be dismissed.

While the provisions of the Codes relative to new trials and appeals apply generally to probate proceedings (Revised Codes, sec. 7712), controversies which do not arise upon written plead-

ings authorized or required by statute do not fall within them, because a "new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees" (Revised Codes, sec. 6793), and an issue of fact for the purpose of a trial arises upon formal pleadings (Revised Codes, sec. 6723). As was pointed out in *State ex rel. Heinze* v. *District Court,* 28 Mont. 227, 72 Pac. 613, the expression "issue of fact" in its broadest sense includes issues raised in any manner, whether upon formal pleadings or not; but as used in section 6793, *supra,* the expression refers to an issue arising upon formal pleadings only. The general policy of the Probate Practice Act is that all dilatory proceedings in the settlement of estates should be curtailed as far as possible. (*In re Davis' Estate,* 27 Mont. 235, 70 Pac. 721; *Leach* v. *Pierce,* 93 Cal. 614, 29 Pac. 235.) Hence, in these proceedings, unless the statute authorizes and requires formal pleadings, the features of a formal trial are not present, and a motion for a new trial does not lie. In the cases of *In re Moore,* 72 Cal. 335, 13 Pac. 880, and *In re Herteman,* 73 Cal. 545, 15 Pac. 121, the view is expressed that, if every contest in these proceedings were allowed to assume the character of a civil action with all the attendants of a right to a jury trial, motion for a new trial, etc., the result would be much additional complication and delay in the settlement of estates. Hence, in the case of *In re Heldt,* 98 Cal. 553, 33 Pac. 549, in which there was a contest by two petitioners for letters, under a provision of the California Code of Civil Procedure identical with that contained in section 7441, *supra,* the controversy involving only the question which of the two petitioners was entitled to have letters issue to him, the court held that a motion for a new trial did not lie and dismissed an appeal from an order denying the motion. In that case, as in the case of *In re Bauquier,* 88 Cal. 302, 26 Pac. 178, 532, the court plainly intimated that new trials in probate proceedings are proper only in cases involving issues arising upon pleadings authorized by the Codes. This intimation, we think, indicates the correct rule. In so far as section 7441, *supra,* does not authorize issues upon pleadings, it negatives the idea of any other

character of hearing than a summary one by the court or judge, without any formalities attending the trial of a civil action. These views are supported by the opinion in the case of *Estate of Franklin*, 133 Cal. 584, 65 Pac. 1081, wherein the court, speaking through Mr. Justice McFarland, after a discussion of all of the provisions of the Code cited *supra*, reaches the conclusion that a motion for a new trial does not lie to review an order made by a superior court sitting in probate, settling the first annual account of an executor. In such cases a bill of exceptions may be reserved and a review of the action of the court be had upon an appeal from the final order.

We are of opinion that where two *ex parte* applications for letters of administration, as here, are heard together, and no issue is joined as to the competency of either of the parties to act as such administrator, a motion for a new trial does not lie. Hence, there is no appeal from an order denying such a motion. Dismissed.

*Dismissed.*

Mr. Justice Smith concurs.

Mr. Justice Holloway, having been absent, did not hear the argument and takes no part in the foregoing decision.

