In re RILEY'S ESTATE.   RILEY, Appellant, *v.* MOUAT, Respondent.

(No. 3,778.)

(Submitted June 6, 1917.   Decided June 16, 1917.)

[165 Pac. 1105.]

*Probate Proceedings—Letters of Administration—Husband and Wife—Common-law Marriage—Evidence—Appeal and Error — Jurisdiction — Waiver — New  Trial — Verdict  "Against Law."*

Appeal and Error—New Trial—Waiver.
    1.   Error in granting a new trial on a petition for letters of administration was waived by failure to appeal from the order.
Same—Jurisdiction—Waiver.
    2.   Participation by appellant in the new trial proceedings referred to above, and failure to make appropriate objection in the trial court to its jurisdiction over the proceedings following the order granting the new trial, *held* to have been tantamount to a voluntary appearance and waiver of the question of jurisdiction.
    [As to what proceedings are inconsistent with motion for new trial so as to waive right to move, see note in Ann. Cas. 1914B, 612.]
Probate Proceedings—Letters of Administration—Husband and Wife—Common-law Marriage—Evidence—Insufficiency.
    3.   Where in a proceeding to obtain letters of administration it appeared that a ceremonial marriage had never taken place between petitioner and decedent, that the relations existing between the parties began when the latter had a living wife, and were therefore clandestine, and the evidence was conflicting on the question of their public assumption of the marriage relation after the death of decedent's wife, the judgment of the trial court that petitioner was not decedent's widow *held* supported by sufficient evidence.
Same—New Trial—What is not Decision "Against Law."
    4.   The trial of matter of the character of the above to the court without a jury, resulting in findings of fact warranted by the evidence, conclusions of law based upon the findings, and a judgment

following both, presents no example of "a verdict or other decision" which is "against law" within the meaning of section 6794, Revised Codes, for which a new trial may be granted.

*Appeal from District Court, Silver Bow County, in the Second Judicial District; Geo. B. Winston, Judge of the Third District, presiding.*

Proceeding by Emma Riley for letters of administration in the Matter of the Estate of Joseph P. Riley, deceased. From an order granting letters to Mary F. Mouat, Emma Riley appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Edwin M. Lamb* and *Mr. W. A. Pennington,* for Appellant.

*Messrs. Canning & Geagan* and *Mr. E. P. Kelly,* for Respondent.

MR. JUSTICE SANNER delivered the opinion of the court.

Joseph P. Riley, of Butte, died leaving some estate but no will. His sister, Mary F. Mouat, filed, in the district court of Silver Bow county, her petition for letters of administration of his estate, alleging, among other things, that she and Mervin Riley, his minor son, are his heirs at law. A few days later Emma Riley, alleging herself to be the widow of Joseph P. Riley, filed a like petition together with written objections to the appointment of Mrs. Mouat. Upon these representations the matter was brought on for hearing, which hearing resulted in an order granting the petition of Emma Riley and directing the issuance of letters to her. Thereupon Mrs. Mouat moved for a new trial and this motion was heard and granted. The retrial was had, and its result was to adjudge that Emma Riley is not the widow of Joseph P. Riley, deceased, and to order that letters of administration issue to Mrs. Mouat. From this order Emma Riley appeals.

A reversal is sought upon these grounds: That error occurred in granting a new trial; that the adjudication appealed from is invalid because the court had no jurisdiction of the subject matter after the order granting a new trial was made; that the adjudication is not warranted by the evidence presented; that the adjudication is against law.

1. It will suffice to answer the first of these to say that if [1] the granting of the new trial be viewed as error within jurisdiction, it cannot avail the appellant now; her remedy, which she failed to pursue, was by appeal from the order.

2. The contention that the court had no jurisdiction is based [2] upon the assertion that there was no pleading of any kind filed as against the appellant's application for letters; therefore there was no issue of fact properly raised to be retried and a new trial was not allowable under the decisions of this court in *In re Antonioli's Estate,* 42 Mont. 219, 111 Pac. 1033, and *State ex rel. Culbertson Ferry Co.* v. *District Court,* 49 Mont. 595, 144 Pac. 159. The appellant is not in position to urge this, because the record shows that she participated in the new trial proceeding, failed to appeal from the order granting a new trial, and failed to make in the court below any appropriate objection to the jurisdiction over the proceedings following the order. Jurisdiction in all matters of probate is vested in the district court by law (Rev. Codes, sec. 6275), and the appellant's conduct was tantamount to a voluntary appearance and waiver, so far as she was concerned, of the question of jurisdiction in the particular instance. (*In re Graye,* 36 Mont. 394, 93 Pac. 266; *In re Blackfeather's Estate* (Okl.), 153 Pac. 839.)

3. No valuable purpose would be served by canvassing the [3] evidence at length. The appellant and Joseph P. Riley were never joined by any ceremonial marriage; their relations began when Riley had a living wife, were therefore clandestine and of no force as a public assumption of the marriage relation; there was testimony from which the court could have concluded that after the death of Mrs. Riley, the appellant and Joseph P. Riley did mutually and publicly assume the marriage

relation, and there was testimony sufficiently contradictory to enable the court to say that they did not, within the decisions of this court in *O'Malley* v. *O'Malley,* 46 Mont. 549, Ann. Cas. 1914B, 662, 129 Pac. 501, and *In re Huston's Estate,* 48 Mont. 524, 139 Pac. 458. Such being the situation, we may not interfere and substitute our judgment for that of the judge who saw the witnesses and could form a first-hand opinion of their credibility; but we must hold that the evidence was sufficient.

4. Counsel for appellant does not indicate wherein the adjudication is "against law," other than as involved in the propositions above considered. In the statute that phrase has a specific application as specifying one of the grounds for a new trial (Rev. Codes, sec. 6794), reviewable only on appeal from an order denying a new trial. Certain it is that the trial of a matter to the court without a jury, resulting in findings of fact warranted by the evidence, conclusions of law based upon the findings and a judgment following both, presents no example of "a verdict or other decision" which is "against law."

The order appealed from is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.