---

[Nos. 11732, 11869.   Department One. — April 19, 1888.]

In the Matter of the Estate of CATHERINE FISHER, Deceased.   SARAH L. FRANCIS et al., Appellants.

Time to Appeal from a Decree of Partial Distribution. — An appeal from a decree of partial distribution must be taken within sixty days from the entry of the decree.

Failure to Appeal in Time — Jurisdiction. — The failure to take an appeal in time goes to the jurisdiction.

Appeal from a decree of the Superior Court of Marin County partially distributing the estate of a decedent, and from an order refusing to change the record of the date of the entry of said decree.

The facts are stated in the opinion.

Vincent Neale, for Appellants.

Hepburn Wilkins, for Respondent.

HAYNE, C.—The first appeal is from a decree of partial distribution. It was taken sixty-two days after the entry of the decree. This was too late. (Code Civ. Proc., sec. 1715; *Estate of Burns*, 54 Cal. 223; *Estate of Harland*, 64 Cal. 379; *Estate of Burton*, 64 Cal. 428.) The argument as to the construction and constitutionality of the statute does not require refutation. The fact that the appeal was too late goes to the jurisdiction, and hence, it is unimportant whether the motion to dismiss has lapsed or not.

The second appeal is from an order refusing to change the records so as to show that the decree above mentioned was, in fact, entered at a later date than it shows on its face. We shall assume, without expressing any opinion on the point, that this order is appealable. In our view, however, the affidavit of the clerk is directly in conflict with that of the attorney for the appellant; and we cannot say that the court below came to a wrong conclusion as to the facts.

We, therefore, advise that the appeal from the decree of partial distribution be dismissed, and that the order refusing to change the record be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal from the decree of partial distribution is dismissed, and the order refusing to change the record is affirmed.

Hearing in Bank denied in No. 11732.