[No. 14930. In Bank. — March 12, 1892.]

MAGGIE LEACH, PETITIONER, *v.* W. L. PIERCE, SUPERIOR JUDGE, RESPONDENT.

BILL OF EXCEPTIONS — SETTLEMENT — REFUSAL OF PREDECESSOR IN OFFICE — MANDAMUS — OFFICIAL DUTY — DISCRETION. — Where a party is entitled to a bill of exceptions, either to be used on a motion for new trial or on appeal from a judgment or order, and has prepared and served it within proper time, the superior judge in office cannot properly refuse to settle the bill on the ground that his predecessor in office who tried the case had refused to settle it after his term of office had expired, and that a *mandamus* was not allowed to compel such settlement because of such expiration of term, but the judge in office will be compelled by

*mandamus* to settle a bill containing a record of the proceedings as a duty resulting from his office, though his discretion as to settling a particular bill, or inserting or excluding particular facts, cannot be controlled or reviewed upon *mandamus.*

ESTATES OF DECEDENTS — NEW TRIALS — CONSTRUCTION OF CODE — DILATORY PROCEEDINGS. — Only those provisions of the code relative to new trials and appeals which are consistent with the provisions of the probate act are made applicable to probate proceedings, and it was the evident intention of the framers of the code provisions relative to probate proceedings to curtail dilatory proceedings in the settlement of estates.

ID. — FAMILY ALLOWANCE — NOTICE OF APPLICATION — WRITTEN OBJECTIONS — NEW TRIAL. — No notice is required to be given of an application for an allowance for the support of the widow and minor children, but it is the duty of the court, with or without a petition, to set apart sufficient property for their support, and there is no provision for a framing of issues with respect to the matter of a family allowance; and although written objections to the granting of the petition are filed on behalf of a person interested in the estate, proceedings for a new trial of the issues raised thereby are not authorized by the statute.

ID. — APPEAL FROM ORDER — BILL OF EXCEPTIONS — REFERENCES TO NEW-TRIAL PROCEEDINGS. — A proposed bill of exceptions, which is accompanied by a general notice that it is intended to be used in the matter of the petition of the widow for maintenance, filed by her in the matter of the estate, and which is objected to on the twofold ground that it was not served in time as a bill of exceptions to the original order, and that a motion for a new trial in respect of a widow's allowance was not a proper proceeding, may be used on direct appeal from the order, notwithstanding references in the notices and objections to the proceedings for a new trial.

ID. — TIME FOR SERVICE OF BILL OF EXCEPTIONS — NOTICE OF ENTRY OF ORDER — REASONABLE TIME — CONSTRUCTION OF CODE. — Section 650 of the Code of Civil Procedure does not apply directly to an appeal from an order making a family allowance; but as an appeal may be taken from such order within sixty days after its entry, under section 1715 of the same code, by any person interested, whether he has had actual notice of the entry of the order or not, those who have been parties to the contest should, by analogy, have until ten days after notice of entry of the order in which to present a bill of exceptions, and those who have not contested the allowance, and have only constructive notice of it, should have a reasonable time within which to prepare and serve their bill of exceptions, to be determined by the judge upon all the facts and circumstances.

ID. — NOTICE OF DECISION — ENTRY OF ORDER MATERIAL. — It is no objection to service of a bill of exceptions within ten days after notice of the entry of the order that the proponent of the bill had full notice of the decision, and that the order had been made more than ten days before the service of the bill. Notice of the entry of the order is the material matter.

ID. — MANDAMUS — SETTLEMENT OF BILL — LACHES. — Where it appears that the petitioner for a writ of *mandamus* to compel the settlement of a bill of exceptions has done all in her power to secure the settlement of

the bill, and that the delay has been caused by the objections of the opposite party and the rulings of the superior judge in sustaining the same, she cannot be charged with laches for delay in the matter of the settlement from February until November.

MANDAMUS to the judge of the Superior Court of San Diego County to compel settlement of a bill of exceptions.

The facts are stated in the opinion of the court.

*Wellborn, Parker & Stevens,* and *Haines & Ward,* for Petitioner.

*Luce & McDonald,* and *Works, Gibson & Titus,* for Respondent.

PATERSON, J. — This is an application for a writ of mandate to compel respondent to consider petitioner's proposed bill of exceptions, and the proposed amendments thereto attached, and to settle the same. An alternative writ was issued, and the respondent has appeared and objected to the sufficiency of the petition,— has orally demurred to it, on the ground that it does not state facts sufficient to entitle petitioner to the relief sought by her.

The facts alleged, and upon which the petitioner claims the right to have a bill of exceptions settled, are as follows: In November, 1886, Maria A. Burton, widow of H. S. Burton, deceased, filed a petition asking for an allowance of $250 a month out of the funds of the estate. The petitioner, who is interested in the estate of Burton, filed written objections to the granting of said petition. The issues were tried by Judge Aitken, who at that time was presiding judge of the superior court in which the matter of said estate was pending, and on January 3, 1891, he made and filed findings of fact and conclusions of law in favor of Mrs. Burton; but it is alleged that the order granting family allowance was not entered until some time after January 5, and prior to February 10, 1891. No notice was ever given petitioner of the entry

of the order, but on March 2, 1891, she appealed to the supreme court, and the appeal is still pending. On January 12, 1891, the petitioner served upon the administrator, Mrs. Burton, and others a notice of intention to move for a new trial. On January 21st the court made an order granting the petitioner herein twenty days from that date to serve and file affidavits and a bill of exceptions. The proposed bill of exceptions was served February 10th. Within due time thereafter, the administrator served upon the attorneys for petitioner written objections to the settlement of the bill, and at the same time proposed certain amendments, not waiving his right to insist upon the objections made. On March 14th the bill and the proposed amendments and objections were presented to the clerk. On April 11, 1891, the matter of the settlement of the bill came on for hearing before Judge Aitken, and he refused to settle the bill, but his reasons therefor do not appear. On June 10, 1891, petitioner herein applied to this court for a writ of mandate to compel Judge Aitken to settle the bill. The judge appeared and filed a demurrer to the petition, which on October 12th was sustained, and the petition was dismissed on the ground that the respondent therein, being no longer in office, could not be compelled to settle the bill. (*Leach* v. *Aitken*, 91 Cal. 484.) On June 26, 1891, the petitioner applied to Judge Pierce, who had succeeded Judge Aitken, for a settlement of the bill, and caused notice to be given to the parties interested. The matter came on for hearing on July 17th, and the judge declined to settle the bill, on the ground that an application for a writ of mandate to compel Judge Aitken was at that time pending in the supreme court. The order was made without prejudice to a renewal of the application. On October 17, 1891, the petitioner renewed her application to Judge Pierce to settle the bill, and the same came on regularly for hearing on November 11th, when the judge made an order refusing to settle the bill, on the ground "that the question was *res judicata* by reason of the action of ex-Judge

Aitken." The order recites that "the other grounds of objection were not argued or passed upon."

1. It is claimed by counsel for respondent that, the latter having exercised his discretion and passed upon the objections made to the settlement of the bill, *mandamus* will not lie to review his action.

Of course the exercise of respondent's discretion cannot be controlled or reviewed in this proceeding. He cannot be compelled to settle any particular bill or to insert or exclude any particular facts; but if the petitioner is entitled to move for a new trial, and has taken the proper steps within time, or if she has tendered a bill of exceptions to be used on appeal from the order within the time allowed by law, respondent cannot refuse to settle and sign a bill containing a record of the proceedings. It is an act which the law requires him to perform, — a duty resulting from his office (*Landers* v. *Landers*, 82 Cal. 481); and the remedy by appeal, if it exist, is inadequate. (*Careaga* v. *Fernald*, 66 Cal. 351; *In re Herteman*, 73 Cal. 547.)

2. Does the code authorize a motion for a new trial in a proceeding of this kind?

Prior to the adoption of the code, issues of fact were authorized in nearly every probate proceeding, and there was a general provision that either party might move for a new trial on account of any error committed by the probate court in settling or determining issues of fact. It is now provided that only those provisions of the code relative to new trials and appeals which are consistent with the provisions of the probate act shall apply to probate proceedings. It was evidently the intention of those who framed and adopted the provisions of the code relative to probate proceedings to curtail dilatory proceedings in the settlement of estates. (Code Civ. Proc., sec. 1714.)

It is the duty of the superior court, when a person dies leaving a widow or minor children, to make "such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to

their circumstances, during the progress of a settlement of the estate." (Code Civ. Proc., sec. 1466.) No notice of the application is required. The court may make the order "on its own motion, or on petition therefor." (Code Civ. Proc., sec. 1465.) There is no provision for the framing of issues with respect to the matter of family allowance. It is made the duty of the court, with or without a petition, to set apart sufficient property for the support of the widow and children.

"A new trial is a re-examination of an issue of fact in the same court after a *trial and decision* by a jury or court, or by referees." (Code Civ. Proc., sec. 656.) "Issues arise upon the pleadings when a fact or a conclusion of law is maintained by the one party and is controverted by the other." (Code Civ. Proc., sec. 588.) "The former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes," etc. (Code Civ. Proc., sec. 657.) These provisions clearly do not apply to every order which may be made *ex parte*, or by the court on its own motion, simply because the court has permitted written objections to be filed. In *In re Moore*, 72 Cal. 340, it was suggested that the operation of these sections should be confined "to those cases in which the code has expressly authorized issues of fact to be framed." (See also *Estate of Herteman*, 73 Cal. 545.)

It is not necessary, however, in this case, to lay down a rule of universal application, and all we decide is, that in the matter before us proceedings for a new trial were not authorized. It is better, perhaps, to follow the suggestion of Mr. Justice Miller in *Davidson* v. *New Orleans*, 96 U. S. 104, to ascertain the intent and proper application of the provisions bearing upon the subject, "by the gradual process of judicial inclusion and exclusion, as the cases presented for decision shall require."

The proceeding in *Estate of Bauquier*, 88 Cal. 302, cited by petitioner, was a contest based upon written objections to the application for letters testamentary of the person named as executrix in the will. In such a pro-

ceeding, the code provides for notice and for the framing of issues of fact; it expressly provides what facts the petition must show, and that the objections thereto must be stated in writing. (Code Civ. Proc., secs. 1299, 1300, 1303, 1351.) The views expressed by the court in that case are entirely in harmony with the views expressed herein. It is unnecessary to refer to other cases cited by petitioner, further than to say that in none of them was the exact question we are considering involved. Some of the cases referred to were cases involving motions for new trial in matters of probate homesteads; but the question whether a motion for a new trial was proper was not raised or considered, and we are not called upon now to say whether or not proceedings for a new trial are authorized in homestead matters.

3. It is claimed by petitioner that she is entitled to have the bill settled as a bill of exceptions to be used on appeal from the order.

Counsel for respondent contend that the judge properly refused to settle the bill for that purpose, on the grounds: 1. Because it was proposed as a bill of exceptions to be used on the motion for a new trial, and can be used, if at all, only for that purpose; and 2. Because it was not presented in time.

We do not think that either of these objections is well taken. The proposed bill was accompanied by a general notice to the attorneys for the objectors that the bill was intended to be used as a bill of exceptions "in the matter of the petition of Maria A. Burton for maintenance, filed by her in the matter of said estate"; and objections were made to the settlement of the bill, upon the grounds that "it had not been served in time to entitle it to settlement as a bill of exceptions to the original order granting such allowance, and upon the further ground that a motion for a new trial in respect of a widow's allowance during the administration of an estate was not a proper or admissible proceeding." Notwithstanding the references in the notices and objections to the proceedings for a new trial, we think the bill was one which

the petitioner was entitled to use on direct appeal from
the order.

Was the bill presented within the time allowed by
law?

Our rule provides that in cases of appeal from orders
like the one under consideration, the papers and evi-
dence used or taken on the hearing of the motion must
be authenticated by incorporating the same in a bill of
exceptions, except where another mode of authentication
is provided by law.  Prior to the adoption of this rule,
there was nothing in the law or the rules of this court re-
quiring a bill of exceptions on appeal from such orders,
and no rule has been made prescribing the time.  The
code does not prescribe the time within which a bill of
exceptions to an order of family allowance must be pre-
pared and served.  Section 650 provides that a party
desiring to have exceptions *taken at a trial* settled in a
bill of exceptions must prepare and serve the same
within ten days after entry of the judgment if the action
were tried with a jury, or after receiving notice of the
entry of judgment if the action were tried without a
jury.  But this provision is inapplicable to the case
before us.

Section 1715 of the Code of Civil Procedure provides
that the appeal must be taken within sixty days after
entry of the order.  As stated before, no notice of the
application for a family allowance is required.  The
court may make the order on its own motion.  Any
person interested, whether he has had actual notice of
the entry of the order or not, may appeal at any time
within sixty days.  Those who have had only construct-
ive notice certainly should have a reasonable time
within which to prepare and serve their bill of excep-
tions.  What is a reasonable time is a question to be
determined by the judge upon all the facts and circum-
stances.  As to those who have been parties to the con-
test, we think it safe and right to hold, following the
analogies found in provisions of the code relating to civil
actions, that they are entitled to actual notice of the

entry of the order, and that the time within which to move for a new trial, when proceedings therefor are proper, or to prepare and serve a bill of exceptions to be used on appeal from the order, does not begin to run until such notice has been given. Where the written claims or objections of interested parties are filed, the prevailing party will have no difficulty in knowing whom to serve, and the notice will set running the time within which the adverse party must move.

Applying this construction of the statute and rule to the proceeding before us, we think that the bill was prepared in time, and should have been settled. Admitting that petitioner had actual notice of the entry of the order on January 12, 1891, her bill was presented in time, because within ten days thereafter the court made an order granting her twenty days from January 1st to prepare and serve affidavits and a bill of exceptions. The bill was served on February 10th.

Respondent has filed an answer to the petition, setting forth, in substance, that the petitioner and her attorneys were in court on the third day of January, 1891, when the court filed its decision and made the order referred to, and had actual knowledge of the delivery of said decision and the rendition of said order by the court; that there was some doubt entertained by all the parties as to whether Judge Aitken would have jurisdiction in the premises on the next judicial day of the court, which was Monday, the fifth day of January, that being the first Monday of January next succeeding the election and qualification of his successor, and to avoid all question of jurisdiction, it was agreed by and between all of the attorneys that the decisions and orders made on that day should be given and made on the afternoon of Saturday, the said third day of January, 1891; that in pursuance of such agreement all parties appeared in court, and the decisions and orders in the estate of Burton were then made and signed by Judge Aitken, and delivered to the clerk for filing and record; that after the findings and orders were filed, an order was made and entered by the

court directing that all the costs of the hearing and determination of the matters should be charged against and paid by the estate, and the respective parties should file their cost-bills in the usual form and manner; that on the eighth day of January petitioner served and filed a verified statement of her costs and disbursements in resisting the application of Mrs. Burton for widow's allowance; that Judge Aitken refused to settle the bill because it had not been served in time to entitle it to settlement as a bill of exceptions to the order, and because a motion for a new trial in the matter of the widow's allowance was not a proper proceeding, and that consequently no bill of exceptions in support of such a motion could be allowed.

The issues thus raised by the answer are immaterial. They show that the petitioner had full notice of the *decision*, and that an order *had been made*, but do not show that she had notice of the *entry* of the order, and that is the material matter. An appeal may be taken at any time within sixty days after the order is *entered*. (Code Civ. Proc., sec. 1713.) The time fixed by section 650 of the Code of Civil Procedure in which to prepare and serve a bill of exceptions is ten days after notice of the *entry* of the judgment.

The reasons stated as the grounds upon which Judge Aitken refused to settle the bill are not sound, and if his term of office had not expired, the writ of mandate applied for would have been granted.

We do not think that the petitioner can be charged with laches in the matter of the settlement of her proposed bill. The bill was served on February 10th; on March 10th the administrator procured an order extending his time to serve objections and proposed amendments; the appeal was taken on March 12th, and on March 14th the proposed bill and amendments were presented to the clerk. On April 11th the matter of the settlement of the bill came on regularly for hearing. On June 10th her application was made to this court for a writ of mandate, and no decision was reached until Oc-

tober 12th following. Five days thereafter, petitioner renewed her application to Judge Pierce to settle the bill, and his decision was not rendered until November 11th. It appears, therefore, that the petitioner has done all in her power to secure a settlement of the bill, and that the delay has been occasioned by the objections of the administrator, and the rulings of the respondent and Judge Aitken in sustaining the same.

The objections to the sufficiency of the petition are overruled; the objections to the sufficiency of the answer are sustained; and it is ordered that a writ issue directing respondent to consider the proposed bill, and the amendments proposed thereto, and to settle the same in accordance with the facts.

HARRISON, J., McFARLAND, J., DE HAVEN, J., GAROUTTE, J., and SHARPSTEIN, J., concurred.

BEATTY, C. J., concurring. — I concur in the judgment. In my opinion, the petitioner was entitled to a settlement of her bill of exceptions without respect to her right to move for a new trial in the matter of the decree for a family allowance. As the question is immaterial to the determination of this proceeding, I do not desire to express any opinion as to the right to move for a new trial in such cases.