[15221.  Department Two. — June 10, 1893.]

IN THE MATTER OF THE ESTATE OF FREDERICK
HELDT, DECEASED.

ESTATES OF DECEDENTS — APPOINTMENT OF ADMINISTRATOR — TIME FOR APPEAL —
DISMISSAL. — An appeal from a judgment or order appointing an administrator
and denying a counter-application for such appointment, not taken within sixty
days after its entry, is not taken in time and will be dismissed.

ID. — MOTION FOR NEW TRIAL — HEARING OF EX PARTE APPLICATIONS FOR LETTERS
WITHOUT ISSUES JOINED — DISMISSAL OF APPEAL. — A motion for a new trial is
not authorized in a case where *ex parte* applications for letters of administration
are heard together, when no issues are joined as to any fact alleged in either peti-
tion, nor as to the right or competency of either of the parties to act as admin-
istrator; and an appeal from an order denying a new trial in such a case will
be dismissed.

ID. — FINDINGS. — No findings are required upon the hearing of such petitions,
where no issues are joined upon either petition.

APPEAL from a judgment or order of the Superior Court of
Mendocino County, granting letters of administration, and
denying an application therefor, and from an order denying
a motion for a new trial.

The facts are stated in the opinion of the court.

*J. H. Seawell*, for Appellant.

*J. A. Cooper*, for Respondent.

The COURT. — There are two appeals in this case.  The first
is from a judgment or order of the superior court, granting
letters of administration upon the estate of Frederick Heldt,
deceased, to R. B. Markle, and refusing appellant's application
for such letters, and the other is an appeal from an order deny-
ing appellant's motion for a new trial in the same matter.  The
respondent moves to dismiss both appeals, and we think the
motion should be granted.

1. The appeal from the judgment or order appointing an
administrator and denying appellant's application for such
appointment was not taken within sixty days after the same
was entered, and, therefore, was not taken in time.  (Code Civ.
Proc., sec. 1715; *Estate of Harland*, 64 Cal. 379; *Estate of
Burton*, 64 Cal. 428; *Estate of Fisher*, 75 Cal. 523; *Estate of
Wiard*, 83 Cal. 619; *Estate of Backus*, 95 Cal. 671.)

2. In this case both the appellant and respondent filed a
petition asking for the issuance of letters of administration upon

the estate of the deceased, in each of which petitions the applicant stated that he had been requested to act as such administrator by the widow of the deceased, and both of the petitions were heard together as provided by section 1374 of the Code of Civil Procedure; but no issue was joined as to any fact alleged in either petition nor any objection made as to the competency of either of the parties. In such a proceeding, when no issues of fact are made by the pleadings, a motion for a new trial is not authorized, and if such a motion is made, and not entertained, or is denied by the court, no appeal will lie from such an order. This is not in conflict with what was decided by us in the *Matter of the Estate of Bauquier*, 88 Cal. 313. In that case the right of an executrix named in a will to letters testamentary, was contested upon certain alleged grounds of incompetency. In such a contest the code expressly provides that the objections shall be in writing, and that they shall be heard and determined by the court (Code Civ. Proc., sec. 1351), and in that case it was held, that when a trial of such a contest had been had, and findings of fact made by the court, that a motion for a new trial was proper, and that the party against whom the decree was made might ask the court to re-examine the questions of facts involved, and that an appeal would lie from an order denying a new trial of such a contest. But in that case the court very clearly intimated that a new trial in a probate proceeding was only proper in cases where there are issues arising upon pleadings authorized by the code. We there said: "It would be impracticable to enumerate the cases in which a motion for a new trial is appropriate in probate proceeding, but it may be stated generally that whenever the action of the court which is invoked is dependent upon the existence of certain extrinsic facts, which are presented to it for determination in the form of pleadings, and are to be decided by it in conformity with the preponderance of the evidence offered thereon, an issue of fact arises which, after its decision, may be re-examined by the court upon a motion for a new trial." And these views were reaffirmed in the later case of *Leach* v. *Pierce*, 93 Cal. 615, in which it was held, that a motion for a new trial was not authorized in the matter of an application for a family allowance.

In 1 Hayne on New Trial, section 5, it is said: "It may sometimes be difficult to decide what determinations in probate proceedings amount to orders merely and what to decisions which are subject to re-examination on motion for new trial. In the *Estate of Crosby*, 55 Cal. 576, it was held, that whenever 'issues of fact' are tried in probate proceedings, findings are proper. Perhaps, it may be said that wherever findings are proper, a motion for a new trial may be made."

We are clearly of the opinion that no findings were necessary in this case, and that the code does not contemplate a motion for a new trial in a case where *ex parte* applications for letters of administration are heard together, and no issues joined as to the right or competency of either of the parties to act as such administrator.

Appeals dismissed.   Remittitur stayed thirty days.