[S. F. No. 4654.  In Bank.—February 5, 1907.]

ELIZA SHIPMAN et al., Petitioners, v. E. P. UNANGST,
Judge of the Superior Court, etc., Respondent.

ESTATES OF DECEASED PERSONS—ORDER SETTING APART HOMESTEAD—
FAMILY ALLOWANCE—NEW TRIAL.—A motion for a new trial is not
a proper procedure for the reconsideration of orders setting apart
a homestead and exempt property to a widow, and awarding her a
family allowance, as it is the duty of the court *ex parte* and without
petition to make such orders.

ID.—BILL OF EXCEPTIONS—APPEAL FROM ORDER.—A bill of exceptions,
presented to be used on such a motion, cannot be settled as a bill
to be used on appeal from such orders when it was presented.too
late for such purpose.

APPLICATION for a Writ of Mandate directed to the
Judge of the Superior Court of San Luis Obispo County.
E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

S. V. Wright, for Petitioners.

W. M. Shipsey, for Respondent.

HENSHAW, J.—In the course of the probate proceedings
in the matter of the estate of Patrick Moore, deceased, the
court made its order setting apart a homestead to the widow,
with certain property as exempt from execution, and also
awarded her a family allowance, all in accordance with sec-
tions 1465 and 1466 of the Code of Civil Procedure.  Sub-
sequently petitioners herein gave notice of intention to move
for a new trial, and moved therefor, presenting for settle-
ment a bill of exceptions to be used on said motion.  The
court refused to settle the bill and petitioners applied for
mandate.  In *Leach* v. *Pierce,* 93 Cal. 614, [29 Pac. 235], this
identical question came before the court, and it was there
decided that a motion for a new trial was not a proper pro-
cedure after an order for a family allowance had been made;
that it is the duty of the court *ex parte* and without petition to

make such orders. What is there said. is decisive of the question under this application.

It is, however, urged by petitioners that the bill should be settled as a bill of exceptions to be used upon their appeal from the order. If the circumstances permitted, this court would so hold, as was done in *Leach* v. *Pierce,* 93 Cal. 614, [29 Pac. 235]. But, treating the proposed bill of exceptions in this case as a bill of exceptions to be used on appeal from the order, its presentation was entirely too late.

The application for mandate is therefore denied.

Angellotti, J., McFarland, J., Sloss, J., Shaw, J., and Lorigan, J., concurred.

Rehearing denied.