[S. F. No. 4982. In Bank.—October 6, 1908.]

## In the Matter of the Estate of FRANKLIN HEYWOOD, Deceased. AGNES B. HEYWOOD, Appellant.

ESTATE OF DECEASED PERSON—PROBATE HOMESTEAD—NEW TRIAL.—A motion for a new trial does not lie in proceedings under sections 1465 and 1466 of the Code of Civil Procedure to set apart a probate homestead or exempt personal property or for a family allowance.

ID.—APPEAL—TIME TO FILE TRANSCRIPT.—Where appeals have been perfected from orders refusing to set apart a probate homestead or exempt personal property or to grant a family allowance, the transscript on appeal, under rule II of the supreme court, must be filed within forty days thereafter, and the time to make such filing is not extended under that rule by the pendency of proceedings for a new trial of such matters.

ID.—DESTRUCTION OF RECORD BY FIRE—RESTORATION OF RECORD—INEXCUSABLE DELAY—DISMISSAL OF APPEAL.—On an appeal from orders refusing to set apart a probate homestead, or exempt personal property, or to grant a family allowance, it is necessary for the appellant, under section 951 of the Code of Civil Procedure, to furnish the appellate court with copies of the orders appealed from. And where the records of such orders were destroyed by the San Francisco fire of April, 1906, it was not the duty of the respondents to have the record restored by proceedings had under the Restoration Act of June 16, 1906. That duty devolved upon the appellant, and her inexcusable delay in filing the transcript for upwards of two years after the appeals were perfected by reason of the negligent inattention of her attorneys in obtaining a restoration of the record, warrants a dismissal of the appeal.

ID.—VALIDITY OF ORDERS NOT AFFECTED BY DESTRUCTION.—The destruction by fire of the record of the orders did not affect their validity or effectiveness. After proof of destruction, any competent secondary evidence would be admissible to prove their contents, and the respondents could rely upon the orders as they stood, and were under no absolute necessity to have the record restored in order to preserve their rights.

MOTION to dismiss appeals from orders of the Superior Court of the City and County of San Francisco refusing to set aside a probate homestead, or exempt personal property, or to grant a family allowance. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

J. B. Reinstein, and W. P. Johnson, for Appellant.

Powell & Dow, Sullivan & Sullivan, Theo. J. Roche, and Timothy J. Lyons, for Respondents.

SHAW, J.—Motion to dismiss three several appeals for want of prosecution.

On November 18, 1905, in the Estate of Franklin Heywood, deceased, the superior court made three orders whereby it denied the respective applications of Agnes B. Heywood, widow of said deceased, to have a probate homestead set apart to her, to have the exempt personal property set off, and for a family allowance. There were three separate petitions, but all of them were tried together. From each of these orders the widow appealed to this court. The appeals were perfected on January 15, 1906. No transcript on either appeal has ever been filed in this court, nor has the clerk of the superior court been requested to certify to any such transcript. The notices of the motions to dismiss the appeals were given on March 6, 1908. Rule II [144 Cal. xl, 78 Pac. vii] of this court requires the transcript on appeal to be filed in this court within forty days after the appeal is perfected, except in certain specified cases. Unless these appeals come within the exceptions, or unless good cause for the delay is shown, the appeals must be dismissed as provided in rule V [144 Cal. xliv, 78 Pac. viii].

1. Rule II provides that "when a party appealing from a judgment has given notice of motion for a new trial before perfecting said appeal," the forty days does not begin to run until the motion has been disposed of. In each of these cases the appellant, before perfecting her appeals, had duly given and filed a notice of intention to move for a new trial,—proceedings under these notices of intention are still pending,— and the motion for a new trial has neither been decided nor dismissed. If the notice of intention to move for a new trial is to be considered as the "notice of motion for new trial," mentioned in rule II, and a new trial is authorized in such proceedings, it would follow that the appellant's time for the filing of transcript on appeal has not yet begun to run, and the motion to dismiss the appeal, in that event, should be denied.

But it is settled by the decisions of this court that a motion for new trial does not lie in proceedings under sections 1465 and 1466 of the Code of Civil Procedure to set apart a home-

stead, or exempt personal property, or for family allowance. In *Leach* v. *Pierce*, 93 Cal. 614, [29 Pac. 235], the widow filed a petition in the matter of the administration of her husband's estate, asking for a family allowance. Written objections to the allowance asked for were filed, the issues were tried, findings made, and an order entered granting the allowance. It was held that the code did not authorize a motion for a new trial in such cases. In *Shipman* v. *Unangst*, 150 Cal. 425, [88 Pac. 1090], the widow filed a petition asking that a probate homestead be set apart to her, with certain property exempt from execution, and a family allowance. The children of the deceased filed written contests to the petition, the issues thus raised were tried by the court, findings of fact and conclusions of law were made in favor of the widow, and an order was made accordingly. It was held, following *Leach* v. *Pierce*, *supra*, that a motion for new trial was not a proper procedure to review the order. The rule laid down in these cases determines the question in the case at bar. There being no authority for a motion for a new trial after such orders, it follows that the pendency of proceedings preparatory to such motion would not bring this case within the exception of rule II, nor extend the time to file the transcript.

2. We do not think the appellant has shown good cause for the long delay, or reasonable diligence in the prosecution of the appeals. The case of *Leach* v. *Pierce* was decided in the year 1892, and that of *Shipman* v. *Unangst* on February 5, 1907. Appellant's counsel do not claim to have been ignorant of these decisions, nor do they say that the failure to file any transcript on the appeals was due to a belief on their part that the time therefor would not begin to run until after their proposed motion for new trial was disposed of. The pendency of the attempt to obtain a new trial, under these circumstances, does not excuse or justify the lack of diligence.

A proposed bill of exceptions, which we may presume could have been used on the appeal, was served on the respondents' counsel in March, 1906. It was not settled at the time of the great fire of April 18, 1906, in which all the official records in the cause were destroyed. The proposed bill, however, was not destroyed, but the settlement thereof was delayed until January 5, 1907. Perhaps the general disturbance following the great disaster of April, 1906, may be a sufficient excuse

for this delay. In order to present the appeal to this court, it would be necessary for the appellant to furnish the court with a copy of the orders appealed from. (Code Civ. Proc., sec. 951.) To enable them to do this it was deemed necessary to have a copy of the orders restored to the record, in order that the clerk might certify thereto. The act of June 16, 1906 (Stats. 1906 [Ex. Sess.], p. 73), authorizes a proceeding to that end. No such proceeding was inaugurated until March 16, 1908, almost two years after the record was destroyed. The principal reason upon which counsel found their claim of an excuse for the delay in filing the transcript is that the record had not been restored, and that the delay in restoring it was caused by the conduct of counsel for the respondents.

Upon the hearing it was argued that it was the duty of the respondents to restore the record, and that until they did so the appellants were justified in delaying the prosecution of the appeal. This contention is unfounded. The orders, although destroyed, were nevertheless valid and effectual. After proof of destruction, any competent secondary evidence would be admissible to prove their contents. (*Ames* v. *Hoy*, 12 Cal. 19; *Estate of Warfield*, 22 Cal. 64, [83 Am. Dec. 49].) The statute of 1906, itself recognizes the admissibility of such secondary evidence, as there would be no other means of proving the record proposed to be restored. The respondents, therefore could rely upon the orders as they stood, and were under no absolute necessity to have the record restored in order to preserve their rights. The appellant was endeavoring to overthrow those orders, and a restoration of the record thereof was by her considered necessary to enable her to do this. The duty was on her to effect a restoration of the records if she would escape the responsibility for unreasonable delay in the prosecution of her appeals. The final question, therefore, is, has she been sufficiently diligent in seeking such restoration, or, if negligent, is her neglect excusable?

It appears that the only copy of the respective petitions and objections thereto filed in court, constituting the pleadings in the matters, saved from the fire, was a copy in possession of Agnes Maud Lyons, a daughter of the deceased, and a respondent herein. On October 3, 1906, her attorney, Lyons, delivered these papers to Mr. Johnson, one of the attorneys

for appellant, in order to enable him to frame copies of the findings and decrees to be used in procuring an order restoring the records, and Johnson then agreed that he would proceed immediately in the matter of such restoration. He had conducted the trial of the cases, and being thus familiar with the facts, the drawing of new findings and decrees would not be a matter of much difficulty and should not have required many hours of his time, with the aid of these papers. He did nothing whatever in the matter. Appellant's counsel, in their affidavits, say that on the occasion of the settlement of the bill of exceptions, in January, 1907, Mr. Dow, one of respondents' counsel, agreed that he would prepare these decrees and orders and that from that time until December, 1907, they were depending on him to do so. Dow and Lyons each denies the making of this agreement. Their denials are corroborated by the admitted fact that the copies above mentioned were not then given to Dow, but were retained in the possession of Johnson. This is inconsistent with the existence of an agreement that Dow should prepare the drafts. Dow would need the papers in Johnson's possession to enable him to redraft the findings, and yet Johnson did not then deliver them to him, but kept them until after the filing of notice of motion to dismiss the appeals on March 16, 1908. Appellant's counsel admit that in December, 1907, they ceased to rely on Dow for the preparation of these new findings and orders. No explanation or excuse whatever was offered of the fact that Johnson retained the only copy of the pleadings in existence, nor of his delay and failure from January to December, 1907, to turn them over to Dow, while at the same time relying on Dow to draw anew the findings and awaiting his action in the matter, when he must have known that Dow could not proceed without them. Nor is any sufficient excuse offered for their delay in proceeding in the matter after December, 1907, when they ceased to rely on Dow, until March 16, 1908, when the petition for restoration of the records was at last filed by them. It thus appears that the delay from January, 1907, to March 16, 1908, was really caused by the inaction of counsel for appellant. Although they had it in their power at any time to proceed to restore the records, and although it was their duty to do so, nothing effective was done in the matter until after they were served with notice

of motion to dismiss the appeals. The appeals had then been pending for more than two years, and even at the time of the hearing of these motions, on June 1, 1908, no transcript was on file, and the best showing counsel could make was that a petition to restore the record had been filed in the superior court on March 16, 1908, that the matter had been postponed by that court from time to time, and was still pending and undetermined. The statements in the affidavit of appellant's counsel indicate that during the entire two years of their delay it was their practice to give all other business coming to their office precedence over the business of preparing the papers for these appeals, and we are constrained to believe that this is the principal cause of the delay. The policy of the law favors the speedy settlement of the estates of deceased persons, so much so that the legislature has provided that appeals to this court in probate cases shall take precedence over all other cases except those to which the people of the state are parties. (Code Civ. Proc., sec. 57.) That this is a wise policy no one will deny. The continued delay that has taken place in this case in the prosecution of appeals of this character should not be encouraged or tolerated.

It is ordered that the appeals be dismissed.

Lorigan, J., Sloss, J., and Henshaw, J., concurred.

Rehearing denied.