[S. F. No. 5662. In Bank.—December 22, 1910.]

ELLA FLEMING CARTER, Petitioner, v. WILLIAM H. WASTE, Judge of the Superior Court of Alameda County, Respondent.

ESTATES OF DECEASED PERSONS—NEW TRIAL WHEN AUTHORIZED—ISSUES OF FACT.—Under the law of this state, as it now stands, a motion for a new trial of any issue of fact actually made and determined in any proceeding in probate will lie when the law expressly authorizes issues of fact to be framed in such proceeding, and the provisions authorizing written objections on the part of persons interested in the estate and providing for the hearing and determination of those objections do expressly authorize issues of fact to be framed.

ID.—ISSUES OF FACT ON DISTRIBUTION—NEW TRIAL AUTHORIZED.—Section 1668 of the Code of Civil Procedure, as amended in 1907, expressly authorizes the framing of issues of fact in a proceeding for final distribution of the estate of a deceased person, by the filing of written objections to the petition for distribution, and a motion for a new trial in such proceeding is authorized.

ID.—CONCLUSIVENESS OF DECREE—COLLATERAL ATTACK.—The provision of section 1666 of that code, that "such order or decree [of distribution] is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside or modified on appeal," is only intended to make such decree final and conclusive as against collateral attack, and not as expressly excluding any remedy except direct appeal from the order or decree.

ID.—INCONSISTENT PETITIONS FOR DISTRIBUTION — DIFFERENT PERSONS CLAIMING TO BE SOLE HEIRS.—Where a petition is filed for the distribution of the estate of an intestate to persons alleged to be the sole heirs of the deceased, and thereafter, without formally answering such petition and denying its allegations of heirship, other persons file similar petitions claiming to be the sole heirs, issues of fact on the question of heirship are thereby created, the determinations of which by the trial court are subject to be reviewed on motion for a new trial.

APPLICATION for a Writ of Mandate directed to the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Petitioner.

A. L. Frick, and A. F. St. Sure, for Respondent.

ANGELLOTTI, J.—This is an application for a writ of mandate to compel respondent to settle, allow, and sign petitioner's proposed statement on motion for a new trial in the matter of the final distribution of the estate of John J. Fleming, deceased, who died intestate. The matter was submitted to us upon a demurrer to the petition.

The facts, so far as they may be considered material are as follows: On February 8, 1908, subsequent to the settlement of the final account of the administrator of said estate, petitioner filed her petition for final distribution, alleging, among other things, that the true name of deceased was Richard Fleming, Jr., and that he was a son of one Richard Fleming; that the only heirs at law of deceased were herself (an alleged half-sister) and certain children of a deceased half-brother of deceased, and that she was entitled to an undivided half of the estate and said children to the other half. On March 20, 1908, Ella Woodbury and three others filed their petitions, alleging therein that they were nephews and nieces of deceased, that he left him surviving no other person who was so nearly related as they, and that they were entitled to the whole estate in the proportion of one fourth to each. On June 1, 1908, A. F. St. Sure as assignee of George A. Myles and Ann Myles filed his petition for distribution, alleging that deceased left no heirs at law other than the said Myles. Due notice was given of the time and place of hearing these petitions. The three petitions were finally heard together, much evidence being submitted in support of the same, and the court made its decree, finding therein that none of the alleged heirs other than George A. Myles and Ann Myles is an heir at law or relative of deceased, and that the said Myles are the sole next of kin and heirs at law of deceased, and distributing all of the property of the estate to the assignee of the latter. It is to be observed that there was in the petitions of Ella Woodbury et al. and A. F. St. Sure no denial in terms of any allegation of the petition of petitioner here, the only denial being such as must necessarily be implied from affirmative allegations that are in conflict with allegations of said petition.

The sole reason advanced for respondent's refusal to settle the statement is that the remedy by motion for new trial does not exist under the circumstances above set forth, and that

the only remedy of an aggrieved party under such circumstances is to appeal from the decree of distribution.

Respondent's main contention in this behalf is that the law does not authorize a motion for a new trial in proceedings on distribution.

It is true that certain provisions of the title of the Code of Civil Procedure relating to probate proceedings expressly make applicable to all such proceedings "except in so far as they are inconsistent with the provisions of this title," the provisions of part two of the code relative to new trials. It is equally true that these code sections declare that all issues of fact joined in probate proceedings must be tried in conformity with the provisions relating to contests of wills, that if no jury is demanded the court must try the issues joined, and that either party may move for a new trial, upon the same grounds and errors and in like manner as provided in this code for civil actions (Code Civ. Proc., secs. 1714, 1716, 1717). But nevertheless as to certain proceedings under this title it is well settled that these sections do not apply and that the remedy of motion for new trial is not available, the basis of such ruling being, of course, that it is inconsistent with the provisions of such title. Thus it is held that a motion for a new trial will not lie where the court has made an order granting or refusing a family allowance, or setting apart or refusing to set apart property as exempt or as a homestead. (*Leach* v. *Pierce*, 93 Cal. 614, [29 Pac. 235] ; *Shipman* v. *Unangst*, 150 Cal. 425, [88 Pac. 1090] ; *Estate of Heywood*, 154 Cal. 312, [97 Pac. 825].) The same ruling has been made as to an order of settling the annual account of an executor or administrator (*Estate of Franklin*, 132 Cal. 584, [65 Pac. 1081]), and also as to an order appointing an administrator where there were petitions on behalf of two several applicants, but, according to the views of this court, "no issue joined as to any fact alleged in either petition or any objection made as to the competency of either of the parties" (*Estate of Heldt*, 98 Cal. 553, [33 Pac. 549]). On the other hand, it is held that the remedy by motion for new trial exists in the case of a contest of a will, and also in case of a contest based on written objections to an applicant for letters testamentary on the ground of his incompetency (*In re Bauquier*, 88 Cal. 302, [26 Pac. 178, 532]), and an order authorizing the sale of

real estate of a decedent (*Leach* v. *Pierce,* 93 Cal. 624, [29 Pac. 238]). It has been assumed without question that a motion will lie in proceedings for partial distribution (*Estate of Ryer,* 110 Cal. 556, [42 Pac. 1082]), and in proceedings on final distribution (*Estate of Walker,* 148 Cal. 162, [82 Pac. 770]), and it has been so held as to the latter proceeding by the supreme court of Montana, upon statutes practically identical with ours. (*In re Davis Estate,* 27 Mont. 243, 244, [70 Pac. 721].)

A careful consideration of the California cases we have cited leads to the conclusion that the true test to be applied in determining whether the motion will lie in the particular probate proceeding where an issue of fact has been actually made and determined, is this, viz: Does the law expressly authorize issues of fact to be framed in such proceeding? If the answer be "yes," the issues must be tried in the manner provided by the sections to which we have referred, and the motion for new trial is expressly authorized. This was the test suggested by the court, through Mr. Justice Temple, in *Estate of Moore,* 72 Cal. 340, [13 Pac. 880], and in *Estate of Herteman,* 73 Cal. 545, [15 Pac. 121]. It was the test declared to be applied in *Estate of Franklin,* [133 Cal. 584, [65 Pac. 1081], in determining that the motion would not lie in the matter of the settlement of the annual account of an executor, the court having previously held in *Estate of Sanderson,* 74 Cal. 199, 209, [15 Pac. 753], that "exceptions to an account do not create 'issues of fact joined,' such as must be submitted to a jury." The same distinction was observed in *Leach* v. *Pierce,* 93 Cal. 614, [29 Pac. 235], and *Leach* v. *Pierce,* 93 Cal. 624, [29 Pac. 238]. It was held in the first of these cases that a motion for a new trial was not authorized in a proceeding for family allowance, even though written objections had been filed and the issues thereby made determined, because there was no provision in the statutes for objections and the framing of issues, and the order was one that might be made by the court *ex parte.* The court distinguished the case before it from another case previously decided (*Estate of Bauquier*) solely on the ground that as to the proceeding involved in such case, the code provided for notice and the framing of issues of fact. In the second *Leach* v. *Pierce* case it was held that a motion for new trial would lie

when an order authorizing the sale by the administrator of real estate of a deceased was made, because in such proceeding the code required a written petition setting forth the necessary facts, and provided that any person interested may file his written objections which must be heard and determined. The court said "Issues of fact, therefore, are expressly authorized by the code, and a motion for a new trial is proper to review the decision of the court." In support of this ruling the court cited *In re Bauquier*, 88 Cal. 302, [26 Pac. 178, 532], in which there was written opposition to the appointment of a person as executrix on the ground of her incompetency. It was held that a motion for a new trial would lie because issues of fact had been framed and tried and the statute expressly authorized such issues. Section 1351 of the Code of Civil Procedure provided that any person interested may file objections in writing and that the objections must be heard and determined by the court. In *Estate of Heldt*, 90 Cal. 553, [33 Pac. 549], a Department case, the ruling that a motion for a new trial would not lie in a contest between two persons for letters of administration was avowedly put upon the ground that "no issue was joined as to any fact alleged in either petition," and it was said that in such a proceeding "When no issues of fact are made by the pleadings, a motion for a new trial is not authorized." It may be that the court was in error in concluding that no issue was joined, for each petitioner alleged that he was the person requested by the widow to act as administrator. But the material thing here is that the court did impliedly recognize that if issues of fact had been made by the pleadings the motion would lie, and expressly approved *Estate of Bauquier*, 88 Cal. 302, [26 Pac. 178, 532], saying also in effect that a new trial was only proper "where there are issues of fact arising upon pleadings authorized by the code." In *Shipman* v. *Unangst*, 150 Cal. 425, [88 Pac. 1090], the remedy by motion for new trial was refused in proceedings for the setting apart of a homestead, exempt property, and a family allowance, on the authority of *Leach* v. *Pierce*, 93 Cal. 614, [29 Pac. 235], and the same is true of *Estate of Heywood*, 154 Cal. 312, [97 Pac. 825], a similar case. We are satisfied that it must be taken as established in this state that, under our law as it now exists, a motion for a new trial of any issue of fact actually made and determined in any pro-

ceeding in probate will lie when the law expressly authorizes issues of fact to be framed in such proceeding, and that provisions authorizing written objections on the part of persons interested in the estate and providing for the hearing and determination of those objections do expressly authorize issues of fact to be framed.

Coming to a consideration of the statutory provisions concerning final distribution we find what, in view of what we have already said, must be held to be express authorization for the framing of issues of fact. The order or decree may be made only on petition, and notice must be given of the time and place of hearing the same. Section 1668 of the Code of Civil Procedure provides in part: "At the time fixed for the hearing, or to which the hearing may be postponed, any person interested in the estate may appear and contest the petition by filing written objections thereto." This was added to the section by amendment in 1907, and clearly brings proceedings for distribution within those classes of probate proceedings as to which the framing of issues of fact is expressly authorized by the code.

Respondent relies somewhat upon the provision of section 1666 of the Code of Civil Procedure, that "such order or decree [of distribution] is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal," as expressly excluding any remedy except direct appeal *from the order or decree.* This section is the one providing that in the decree the court must name the persons entitled to share in the estate and the proportion or part to which each is entitled. It appears clear to us that the provision relied on should not be construed as intended to affect the general provisions of the title which authorize a motion for a new trial in probate proceedings wherever the framing of issues is authorized by the statute and that its sole object was to make the determination of the court as evidenced by the decree final and conclusive as against collateral attack. The provision is reasonably susceptible of such a construction and any other construction would create an exception to the general rule declared for probate proceedings for which no reasonable ground could be found. It would certainly be difficult to give any reason whatever why a motion for a new trial should lie as to the proceeding to determine heirship

provided for by section 1664 of the Code of Civil Procedure, and at the same time should not lie as to the proceeding for final distribution, a proceeding always involving the questions that are involved in the heirship proceeding.

The only remaining question is whether issues of fact were actually made in this proceeding for distribution. That issues of fact were determined by the lower court upon evidence actually introduced by the respective parties is apparent. If the petitions for distribution presented by Ella Woodbury et al., and A, F. St. Sure constituted such "written objections" to the petition of petitioner here as are contemplated by section 1668 of the Code of Civil Procedure, it would seem to follow that they sufficiently made issues of fact which were determined by the decree. If the papers so filed had been designated "answer" or "objections" to the petition of petitioner here, and had in terms denied the allegations of facts showing petitioner to be an heir of deceased and the other petitioners not to be heirs, it would have to be admitted in view of what we have said, that issues of fact had been made under express authorization of law. If we wished to be exceedingly strict, we might be able to hold that to sufficiently raise an issue of fact as to any allegation of the original petition, an answer denying the same should have been presented, but to so hold, especially after judgment, it appears to us, would be to unnecessarily sacrifice substance to form. The three petitions were treated by the parties and the court below as creating issues of fact, and the hearing and determination in that court necessarily proceeded upon that theory. In substance they did create issues of fact on the question who are the heirs of deceased just as clearly as a formal answer containing express denials would have done. The matters set up in the subsequent petitions in support of the several claims that the petitioners therein are respectively entitled to the whole estate of deceased were necessarily in conflict with the allegations of the original petition.

We are of the opinion that petitioner is entitled to the relief sought.

Let a peremptory writ of mandate issue as asked in the petition.

Lorigan, J., Shaw, J., Sloss, J., Henshaw, J., Melvin, J., and Beatty, C. J., concurred.