[L. A. No. 7055. In Bank.—August 3, 1922.]

In the Matter of the Estate of HENRY S. ROLLINS, Deceased. FLORENCE ROLLINS SMITH, Appellant, v. WARREN K. ROLLINS, Respondent.

[1] ESTATES OF DECEASED PERSONS—APPLICATION FOR LETTERS—PRESUMPTION OF COMPETENCY.—When an original application for letters of administration is presented and no question of incompetency is raised by contest and appropriate averments, competency will be presumed and no issue on that point is presented.

[2] ID.—APPLICANTS EQUALLY ENTITLED—ABSENCE OF CONTEST AS TO COMPETENCY—DISCRETION.—Between two applicants equally entitled to letters of administration and in the absence of contest on the ground of incompetency of either applicant, the choice lies in the discretion of the court.

[3] ID.—EVIDENCE—ADVERSE CLAIM OF APPLICANT.—In determining its choice between two applicants equally entitled to letters of administration, the court properly received testimony tending to show that one of the applicants was claiming property transferred to her by the deceased under circumstances which made it apparent that an action would in all probability have to be maintained against her in behalf of the estate to determine the ownership of the property.

APPEAL from an order of the Superior Court of Los Angeles County appointing an administrator. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clyde R. Burr for Appellant.

James S. Bennett for Respondent.

SLOANE, J.—This is an appeal from an order appointing respondent, Warren K. Rollins, administrator of the estate of Henry S. Rollins, deceased.

Henry S. Rollins died on the 18th of April, 1921. On the 19th of April the appellant, Florence Rollins Smith, a daughter of decedent, filed a petition for appointment as administratrix of her father's estate. On May 3d following, respondent, Warren K. Rollins, a son of decedent and

brother of appellant, petitioned for the issuance of letters of administration to himself.

Both petitions were set for hearing and heard on the same day. No contest was made on the ground of incompetency of either applicant, but each petition was made and noticed as an original application as provided in section 1374 of the Code of Civil Procedure.

The two petitioners, as children and heirs of the decedent, were equally entitled under the provisions of section 1365 of the Code of Civil Procedure to appointment as administrator of the estate.

[1] When an original application for letters of administration is presented and no question of incompetency is raised by contest and appropriate averments, competency will be presumed and no issue on that point is presented. (*Estate of Gordon*, 142 Cal. 131 [75 Pac. 672]; *Estate of McCausland*, 170 Cal. 136 [148 Pac. 924].)

[2] Between two applicants equally entitled to letters, and in the absence of such contest, the choice lies in the discretion of the court. (Code Civ. Proc., sec. 1367.)

The appellant here concedes this discretionary power to the probate court, but complains that in this case the court permitted over appellant's objections the introduction of improper and incompetent evidence in aid of its discretion.

[3] The evidence received by the court was testimony tending to show that the appellant was claiming property transferred to her by the decedent under circumstances which made it apparent that an action would in all probability have to be maintained against her in behalf of the estate to determine the ownership of such property. While this circumstance did not disqualify her to serve as administratrix, it was a matter properly to be taken into account by the probate court in determining its choice between the applicants.

We know of no reason why the court was not justified in taking such testimony in aiding it in the exercise of the discretion given under section 1367 above cited in deciding which of the applicants to appoint.

The order appealed from is affirmed.

Waste, J., Lawlor, J., Richards, J., *pro tem.*, Shaw, C. J., and Wilbur, J., concurred.