[S. F. No. 14179. In Bank.—November 20, 1931.]

In the Matter of the Estate of ANNA ENGLAND, Deceased. JAMES N. ELKINS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ford & Johnson, Fletcher A. Cutler and Loyd Wright for Petitioner.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and Hugh A. McNary, for Respondent.

John J. McMahon, *Amicus Curiae.*

PRESTON, J.—Petition for writ of review.

The sole question is whether or not the procedure allowed on motion for new trial in civil actions may properly be applied to a judgment or order for the settlement of the final account of an administrator where an heir at law has presented an issue, by written objections solely to certain items of attorney's fees claimed by the administrator for ordinary and extraordinary services of his attorney.

This question is answered by a consideration of what were formerly sections 1714 and 1636 of the Code of Civil Procedure in force at the time in question. The former section provided as follows:

"The provisions of part two of this code, relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this title, apply to the proceedings mentioned in this title; provided, that hereafter a motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings under section one thousand six hundred sixty four of this code and in those cases where the issues of fact, of which a new trial is sought, were tried by a jury or were of such character as to entitle the parties to have them tried by a jury whether or not they were so tried."

The latter section provided in part as follows: " . . . Whenever an allowed claim is contested by any heir, or

other person entitled to contest it, unless such jury be waived as provided in section 631 of this code either the contestant or the claimant is entitled to a trial by jury of the issues of fact presented by the contest; and, it is the duty of the court, to call a jury and submit to them such issues, and, after receiving their verdict, to enter an order disposing of such contest in accordance therewith."

Jury trials in probate proceedings were unknown to the common law and hence must have express statutory authority to be allowed. (*Estate of Dolbeer*, 153 Cal. 657 [15 Ann. Cas. 207, 96 Pac. 266]; *Estate of Baird*, 173 Cal. 622 [160 Pac. 1076]; *Carter* v. *Waste*, 159 Cal. 25 [112 Pac. 727].) It has several times been expressly held that in the absence of a statute so providing, trials by jury in the settlement of accounts in probate are not allowed. (*Estate of Moore*, 72 Cal. 335 [13 Pac. 880]; *In re Sanderson*, 74 Cal. 208 [15 Pac. 753]; *Estate of Franklin*, 133 Cal. 587 [65 Pac. 1081].)

It will be noted that under said latter provision of the statute, where the parties were entitled to a jury trial, the claim in question must be an allowed claim. An heir at law may ·contest generally the items of the account, but a jury trial is permitted only in a contest aimed at an allowed claim. Allowed claims were treated in what was then chapter VI, sections 1490–1514, of said Code of Civil Procedure. Among other things, the law requires that an allowed claim be approved by both the administrator and the judge of the superior court (sec. 1496). We are not permitted to extend this right further than the plain provisions of the statute. A claim for attorney's fees, however, is not an allowed claim within the meaning of the statute. Liability for attorney's fees is an expense of administration. Many of the items involved here too are allowable only in the discretion of the court. It is true that under sections 1616 and 1619 of said code, as they formerly read, and as the Probate Code now reads, an attorney himself may apply to the probate court directly for an allowance upon his compensation, but this does not constitute his demand an allowed claim within the meaning of the chapter above referred to.

This case arises from the following facts: In the above-entitled estate, the administrator, as public adminis-

trator, on January 23, 1923, presented to the court his second and final account and supplement thereto and his petition for distribution containing a number of items, including an item for regular attorney's fees of $739 and several items for extraordinary services aggregating $3,500 and he prayed for allowance of these items. Thereafter one James N. Elkins, an heir at law of said decedent, contested said items of said account largely upon the ground that under the charter of Los Angeles County, the county counsel should act as attorney for the public administrator and collect the fees allowed by law for such services and turn them into the county treasury. The court on the hearing disallowed all said items of attorney's fees, settled the account and ordered the estate distributed accordingly. No appeal was taken from this order. On January 27, 1930, the public administrator filed what was termed a notice of intention to move for a new trial on all the ordinary grounds mentioned in section 657 of the Code of Civil Procedure. Motion for a new trial followed, which on the fourth day of March, 1930, the court purported to grant upon the ground that the evidence did not support the judgment. This was followed by another final settlement of the account and distribution, which order allowed the items of attorney's fees above referred to whereupon said heir at law filed in this court this petition for writ of review. The writ issued. A return thereto was made, setting out substantially the facts above disclosed.

Manifestly if the procedure in civil cases on motion for new trial is inapplicable, both the purported order granting the new trial and the additional order allowing the items theretofore rejected are beyond the jurisdiction of the court. (*Diamond* v. *Superior Court,* 189 Cal. 732, 740 [210 Pac. 36]; *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001].)

It follows that said orders granting the motion for new trial and the order which followed it are annulled.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

Rehearing denied.