[Civ. No. 22150.   Second Dist., Div. One.   Dec. 7, 1956.]

URBAN K. VOIGT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; EVA FURR CORNELISON VOIGT, Real Party in Interest.

*Assigned by Chairman of Judicial Council.

Claude L. Welch and Jesse A. Hamilton for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Bentson & Blumberg and Myron Blumberg for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner is the brother of one Kurt A. Voigt, deceased. By a petition filed in the Superior Court of the State of California, in and for the County of Los Angeles, he prayed for an order appointing him as special administrator of the estate of the decedent, and thereafter filed a petition for the probate of the will of the decedent and prayed that letters of administration with will annexed issue to him.

Thereafter Eva Furr Cornelison Voigt (hereinafter called Cornelison), one of the legatees named in the will which petitioner offered for probate, filed a petition to probate the will of the decedent, claiming to be the widow of the decedent and asking that letters of administration with will annexed be issued to her and that the will and codicils offered by petitioner be admitted to probate. Neither petitioner nor Cornelison filed written objections to the petition filed by the other.

After the filing by Cornelison of her petition, petitioner gave notice of the taking of her deposition and caused a subpoena duces tecum to be issued and served upon her. After being ordered by the court so to do, she appeared before the notary, but refused to answer 71 of the questions propounded to her. Upon being cited by the court she was ordered to answer all of the questions which were pertinent to the question as to whether she was in fact married to the decedent, but her objections to answering the other questions propounded (all of which were relevant to the question of Cornelison's integrity) were sustained by the court.

Petitioner now seeks a writ of mandate to compel the

---

*Assigned by Chairman of Judicial Council.

respondent court to compel Cornelison to answer the questions as to which the court had sustained Cornelison's objections.

We have reached the conclusion that, petitioner having failed to file any written objections to the petition of Cornelison, there were no issues of fact framed to which the questions addressed to Cornelison by petitioner at the time of the taking of her deposition were pertinent or material.

■ Both petitioner and Cornelison having filed petitions for letters with will annexed, and each showing a relationship to the decedent which would entitle the petitioner to letters, the only question presented to the court by the petitions was the priority in right to letters between the two petitioners. Neither petitioner was required to allege anything relative to his or her competency (Prob. Code, §§ 326, 440) and in the absence of written opposition averring the facts which it is claimed render the petitioner incompetent, his or her competency is presumed and no issue on the question of competency is presented (*Estate of Rollins,* 189 Cal. 392 [208 P. 280]).

■ If petitioner desired to raise the question of Cornelison's competency to act as an administratrix, either on account of age, conviction of a crime, mental incompetency, drunkenness, improvidence, or want of understanding or integrity, it was incumbent upon him to file objections to Cornelison's petition specifically placing in issue the question of her competency and the grounds of his objections (Prob. Code, §§ 407, 442). In the absence of such objection he was not entitled to litigate those facts, and consequently was not entitled to examine her as to any facts bearing upon any of the matters that might affect her competency. (*In re Bauquier,* 88 Cal. 302, 315, 316 [26 P. 178, 532] ; *Estate of Heldt,* 98 Cal. 553 [33 P. 549] ; *Carter* v. *Waste,* 159 Cal. 23, 25 [112 P. 727].)

The writ of mandate prayed for is therefore denied, with instructions to the respondent court to permit the petitioner to file written objections to the petition of Cornelison if he is so advised, and thereafter to permit petitioner to interrogate Cornelison as to any matters material to the issues raised by the written opposition of petitioner, should such opposition be filed.

White, P. J., and Fourt, J., concurred.